## WAGGONER'S ESTATE v. GLEGHORN.
### No. 2563.

Court of Civil Appeals of Texas. Eastland.

Jan. 3, 1947.

Carrington, Gowan, Habberton, Johnson & Walker, of Dallas, for appellant.

E. F. Fruechte, of Wichita Falls, for appellee.

LONG, Justice.

Appellee W. G. Gleghorn sued W. T. Waggoner Estate, of which Mrs. Ella Waggoner is trustee, to recover damages for the loss of five dogs and for personal injuries to himself resulting from coming in contact with cyanide cartridges placed on appellant's ranch to kill coyotes. Appellant filed her plea of privilege to be sued in Tarrant County where she resides. Such plea was duly controverted, and appellee sought to hold the venue in Baylor County under Subdivision 9 of Art. 1995 of the Revised Civil Statutes of Texas on the theory that appellant was negligent in planting cyanide bombs, dangerous instrumentalities, at a place frequented by the public and to which appellee had been invited and that such act was an affirmative act of negligence and came within the meaning of the term "trespass" as used in the above article of the statutes. A hearing was had before the court without a jury, and at the conclusion thereof, the plea of privilege was overruled. Appellant duly excepted to the action of the court and gave notice of appeal. The trial court filed findings of fact and conclusion of law, which are as follows:

"1. The Court finds that Mrs. Ella Waggoner, the defendant, resides in Tarrant County, Texas, and is the Trustee of the W. T. Waggoner Estate, which owns the Waggoner Ranch.

"2. That prior to March 8, 1945, the agents, servants and employees of the defendant, in furtherance of the master's business, placed a number of cyanide bombs or cyanide cartridge devises at various places on the Waggoner Ranch and in Baylor County, Texas. The said bombs were planted in an area frequented by the public in pursuit of pleasure and business,

a fact well known to the defendant or which she could have known by the exercise of reasonable diligence.

"3. The said cyanide bombs were so designed and constructed that a slight pulling force applied to the camouflaged bait would detonate the powder charge, causing the forcible ejection of a quantity of potassium cyanide in the direction of the person or animal pulling the bait. The charge of cyanide contained in such bombs was sufficient to cause the instantaneous death of a coyote or any other animal which might be attracted to the trigger bait.

"4. That the plaintiff was on the premises of the defendant as the result of an invitation extended him by the defendant of many years standing, to run his dogs on the Waggoner Ranch at any convenient time and thereby assist the defendant in destroying coyotes, bobcats and other predatory animals which menaced the defendant's cattle, that while on the premises of the defendant on the date above mentioned, several dogs owned by plaintiff were instantly killed by the cyanide bombs and that the plaintiff at the same time and place suffered personal injuries when the contents of one of the planted cyanide bombs was discharged into his face and eyes.

"5. That the injuries to the person and property of the plaintiff were suffered in Baylor County, Texas, where the agents, servants and employees of the defendant had planted the bombs.

"6. That said cyanide bombs are dangerous instrumentalities not only to animals but to human beings as well and that the defendant was guilty of negligence in planting said bombs in an area as above described which was frequented by the public and to which place the plaintiff had been invited to run his dogs.

"7. That the injuries and damages suffered by the plaintiff herein were the direct and proximate result of the said act of negligence on the part of the plaintiff.

"Conclusions of Law.

"1. That the negligent act of planting cyanide bombs, dangerous instrumentalities at a place frequented by the public and to which the plaintiff herein had been invited, was an affirmative act of negligence and that this cause of action had its beginning in said negligent act and except for which the injury and damage complained of would not have occurred.

"2. That said act of negligence comes within the meaning of the term "trespass" as used in the Venue Statutes of this state.

"3. That under the terms and provisions of Subdivision 9, of Art. 1995, Revised Civil Statutes and the holdings thereunder, exclusive venue for an action for trespass does not lie in the county of defendant's residence but may be brought and properly maintained in the county where the trespass was committed and therefore venue of this suit lies in the District Court of Baylor County, Texas."

■ Appellant contends by her first point that the finding that her employees placed the cartridges on her ranch is without any evidence to support it and is contrary to the undisputed evidence that they were placed thereon by the government employees. The evidence on this issue is not strong, but we believe the facts and circumstances in the record are such as to justify the court in concluding that the employees of the appellant placed said cartridges on the ranch, or at least that they were so placed under their direction.

By her second point the appellant contends that the evidence fails to show a trespass committed in Baylor County. We are of the opinion that this point must be sustained.

■ The employees of appellant placed on her ranch cyanide cartridges for the purpose of killing coyotes. Appellee had a standing invitation to hunt on the ranch at any time he saw fit. Appellant failed to warn appellee of the fact that such cartridges had been planted. While chasing a bob-cat on the ranch, five dogs of appellant came in contact with said cartridges and were killed thereby. Appellant, in investigating the cause of the death of his dogs, picked up one of such cartridges which exploded, and he thereby sustained

228

personal injuries. We are of the opinion that the facts do not establish active negligence, but merely show an omission of duty and not a trespass. Appellant had the right to place the cartridges on the ranch for the purpose of killing coyotes. However, in view of the fact that such cartridges were dangerous instrumentalities, it was her duty to warn appellee and the public generally of the existence of the cartridges, and her failure to give such warning was negligence. It is well settled in this state that such omission of duty is not active negligence and does not constitute a trespass under the statute. Metzger Dairies v. Wharton, Tex.Civ.App., 113 S.W.2d 675; Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062; Austin v. Cameron, 83 Tex. 351, 18 S.W. 437; Justin McCarty, Inc., v. Ash et al., Tex.Civ.App., 18 S.W.2d 765; Dixon et al. v. McDonald, Tex.Civ.App., 130 S.W.2d 884.

On the other hand, if it be conceded that the act of planting the cyanide bombs at a place frequented by the public and to which appellee had been invited was an affirmative act of negligence, such act had long been completed and had become passive negligence at the time of the injuries of which appellee complains. Such injuries were not sustained at the time the cartridges were being planted. Appellee was injured and his dogs killed sometime thereafter by coming in contact with them. It was the affirmative act on the part of appellee in picking up the bomb that set in motion the force that brought about his injuries. This is likewise true as to his dogs. Their act in coming in contact with the bombs caused an explosion which resulted in their death.

In arriving at our conclusions, we are applying the law as announced in the following cases: Sherrod v. Bird, Tex.Civ. App., 155 S.W.2d 422; Odom v. Parker, Tex.Civ.App., 173 S.W.2d 328; Murray v. Jones, Tex.Civ.App., 56 S.W.2d 276.

For the reasons assigned, the judgment of the trial court is reversed, and it is here ordered that the venue of the case be transferred to the District Court of Tarrant County, Texas.