**SOUTHERN PINE LUMBER CO. v. SEELBACH.**

**No. 9996.**

Court of Civil Appeals of Texas. Austin.

Nov. 7, 1951.

Collins, Garrison, Renfrow & Zeleskey and Ralph M. Zeleskey, Lufkin, for appellant.

A. L. Lowery, Nacogdoches, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order of the County Court of Nacogdoches County, Texas, overruling appellant's plea of privilege.

Suit was instituted by appellee to recover damages for the death of two cows, alleged to have been caused by the negligent conduct of the agents, servants and employees of the appellant in spilling paint on the land owned by appellant, which paint was thereafter licked and absorbed by the cows, and was instituted in the County Court of Nacogdoches County, Texas, the county in which such lands are located and in which said cows died.

The appellant filed its plea of privilege alleging that it was a resident of Angelina County; the plea was controverted, and alleged that the trespass provision of Section 9 of Article 1995, V.A.C.S., as an exception to exclusive venue.

The trial of the plea of privilege was had before the court, and such plea was overruled.

The appeal is before this Court on two assignments of error. The first was the error of the court in finding and concluding that appellant's agents, servants or employees committed a trespass in Nacogdoches County, and the second, the court erred in overruling the plea of privilege.

The appellee has not filed a brief in this case.

The suit is based on the alleged negligent conduct of the agents and employees of appellant while acting in the course and scope of their employment. The trial court found that the act of defendant's agents and employees in (1) "turning" paint (2) in "pouring" paint upon the ground, in (3) not "removing," (4) not "covering up" the paint with reasonable diligence, and (5) did not "carry" the paint away, were acts of negligence.

The court made findings of fact and conclusions of law, and in substance found that the cows died as a result of having licked and absorbed paint, and that such paint was negligently turned or poured upon the ground by the agents, etc. of the defendant, and that such negligence was the proximate cause of the death of the cows; that the land upon which the paint was poured or spilled belonged to defendant; that such acts were active negligence committed in Nacogdoches County; that there is no stock law in effect on the premises; that the residence of defendant was Angelina County.

The court concluded as a matter of law that each of the foregoing acts constituted a trespass within the purview of subdivision 9 of Article 1995, V.A.C.S., and that the court had venue under such subdivision, and that the plea of privilege should be overruled.

Since there was no statement of facts, the appellant challenges only the first element; that is, that the appellant did not owe a duty to appellee to do or refrain from doing the acts of which appellee complains.

The court found that there was no stock law in effect; therefore, appellant was under no obligation to fence out appellee's cows. Wichita County Water Imp. Dist. No. 1 v. Curlee, 1931, 120 Tex. 103, 35 S.W.2d 671.

It has many times been held that the only obligation of a landowner to a trespasser or licensee is not to willfully or intentionally injure him. Meeks v. Cowart, Tex.Civ.App., 84 S.W.2d 845, affirmed by Supreme Court, 131 Tex. 36, 111 S.W.2d 1105.

The pleadings do not plead, and the court did not find that the cows were on appellant's premises as invitees, or that appellee was a tenant, and such may not be presumed, and the cows were therefore trespassers or mere licensees, and the appellant's only duty was not to willfully injure said stock. Texas Cities Gas Co. v. Dickens, 140 Tex. 133, 168 S.W.2d 208; Waggoner's Estate of Gleghorn, Tex.Civ.App., 199 S.W.2d 225, no writ.

We believe that the trial court erred in concluding that a trespass had been committed in Nacogdoches County, and that it had venue, and in overruling appellee's plea of privilege.

The judgment of the trial court is reversed and judgment is here rendered transferring the cause to the County Court of Angelina County, Texas.

Reversed and rendered.