852

**KATZ OIL COMPANY et al., Appellants,**

v.

**W. J. BOGGUS, Appellee.**

No. 13485.

Court of Civil Appeals of Texas.

San Antonio.

July 1, 1959.

Fischer, Wood, Burney & Nesbitt, Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellants.

Pichinson, Utter & Chase, Corpus Christi, for appellee.

MURRAY, Chief Justice.

This is a plea of privilege case. W. J. Boggus contends that he was injured by stepping into an open post hole while an invitee on the Katz Oil Company lease located in Duval County, Texas. The post hole was dug by F. P. Deer. The parties hereinafter will be referred to as Boggus, Katz and Deer, respectively.

The trial court overruled the pleas of privilege filed by Katz and Deer to be sued in the counties of their respective residences, and each has prosecuted this appeal.

Appellants' first contention is that there is no evidence to show that Boggus was anything more than a trespasser or a licensee upon the lease of Katz at the time of his injury. Unless Boggus was shown to be an invitee at the time he stepped in the post hole and injured himself, Katz and Deer would owe him no duty other than not to wilfully or intentionally injure him. Cowart v. Meeks, 131 Tex. 36, 111 S.W.2d 1105.

The evidence shows that Boggus was an employee of Scurlock Oil Company, hereinafter referred to as Scurlock. He was employed to drive a trailer-truck or oil transport truck. The oil transport truck was used to haul oil from leases. He was a night driver, and it was customary to haul oil from leases and out of tank batteries at

different times of day and night. Boggus was told by Scurlock's foreman to go to the Katz Oil Company lease located in Duval County and get a load of oil, but he did not pretend to know anything about what the arrangements were, if any, between Katz and Scurlock. There was no evidence as to who was the owner of the oil on the Katz lease, or who, if anyone, had arranged to have it hauled.

 The burden of proof was upon Boggus to show by a preponderance of the evidence that he was an invitee upon the Katz lease. The fact that he was an employee of Scurlock, or that he had been told by its foreman to proceed to the Katz lease and get a load of oil, does not show that he was an invitee of Katz Oil Company on the lease. There may not have been any agreement at all between Katz Oil Company and Scurlock with reference to the handling of the oil. If there was such an agreement it might have provided that such hauling should be done only in the daytime, or on certain days of the week. We might speculate forever and never determine just what were the terms of such an agreement, if one actually existed. The fact that Scurlock had at a previous time hauled oil for Katz Oil Company does not prove that there was any agreement between them at the time Boggus injured himself by stepping into a post hole.

 The pleas of privilege filed by Katz Oil Company and Deer entitled them to be sued in the counties of their respective residences and unless and until Boggus came forward with allegations and proof showing that Katz and Deer, both or either of them, was guilty of negligence proximately causing his injury, he cannot maintain venue of this case in Duval County. Subdivision 9a, Art. 1995, Vernon's Ann.Civ.Stats.; Southern Pine Lumber Co. v. Seelbach, Tex.Civ. App., 244 S.W.2d 704; Chiles v. Goswick, 148 Tex. 306, 225 S.W.2d 411.

The conclusion we have arrived at above renders it unnecessary to pass upon the other points presented.

The judgment is reversed and judgment here rendered sustaining the pleas of privilege. The cause of action as to Katz will be transferred to the District Court of Bexar County, and the cause of action as to Deer, to the District Court of Jim Hogg County. The Clerk of the District Court of Duval County will prepare the necessary papers and transfer the causes, as is provided for in Rule 89, Texas Rules of Civil Procedure.

Reversed and rendered.