M. A. COWART ET AL. v. J. N. MEEKS ET AL.

No. 6994. Decided January 12, 1938.
Rehearing overruled February 9, 1938.
(111 S. W., 2d Series, 1105.)

*Seabury, Taylor & Wagner* and *Osce Fristoe,* all of Harlingen, for plaintiffs in error.

The evidence showed that it had become a practice for the plaintiffs to go upon the fire escape in order to determine the amount of debris to be hauled from the premises in order to prevent the cluttering up of water pipes and unnecessary pollution of the air, under their contract with the owner to remove same, and such practice constituted an expressed or implied invitation to continue such practice and made them an invitee to go upon said fire escape and to whom the owner and person in possession of the building owed the duty to use ordinary care to maintain said fire escape in a reasonably safe condition. El Paso Laundry v. Gonzales, 36 S. W. (2d) 793; Gilliland v. Bondurant, 59 S. W. (2d) 679; Houston, E. & W. T. Ry. Co. v. Jones, 1 S. W. (2d) 743.

*Eskridge & Groce,* and *Birkhead, Beckmann, Stanard & Vance,* all of San Antonio, and *Carter & Stiernberg,* of Harlingen, for defendants in error.

The use of the fire escape, as used by plaintiffs, did not

constitute an implied invitation for them to use same, even though it may have been more convenient for them in the carrying on of their work. St. Louis, I. M. & S. Ry. Co. v. Schultz, 171 S. W. 876; Southern Oil Co. v. Church, 74 S. W. 797; Jacobson v. N. W. Pac. Ry. Co., 166 Pac. 3; 39 C. J. 1347, 1349.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals has made a very concise and accurate statement of the essential facts, and we adopt substantially all of same without the use of quotation marks.

The Harlingen Hotel Company, Inc., was the owner and operator of the Madison Hotel, located in the city of Harlingen, Texas. J. N. Meeks entered into a written contract with the Harlingen Hotel Company to make certain repairs and alterations upon the Madison Hotel, which consisted principally in the removal of the second and third stories of one wing of the hotel. Meeks entered into an arrangement with Glenn Sorrell to remove all debris and rubbish from the premises. M. A. Cowart and O. A. Cowart were, for reasons peculiar to themselves, assisting Sorrell in this undertaking of keeping the debris and rubbish removed from the hotel premises. Sorrell had agreed to keep this rubbish cleaned up and not to permit it to accumulate, as otherwise drainage pipes would become choked and water damage result.

The work of removing the second and third stories of this wing of the hotel had about been accomplished, including the fire escape attached to these two stories, when the accident herein involved occurred. Sorrell and his associates, the two Cowarts, had kept the rubbish removed during the progress of the work to the satisfaction of all concerned. The rubbish was all delivered to them either on the ground or in their trucks. They had nothing to do with the throwing of the rubbish from the building, but their entire duty was to remove it from the premises after it had been thrown from the building.

On the occasion in question the two Cowarts had placed their truck near the building so that it might be loaded with rubbish, and desiring to know how much more rubbish would be thrown from the building that day, so as to determine whether they would have to make a return trip or possibly have to work after dark, they climbed to the top of the first story of this wing by using the remaining section of the fire escape. They found that there was not a great amount of rubbish and began to descend the fire escape when a part of the

wall and the fire escape collapsed and fell to the ground, as a result of which the two Cowarts sustained personal injuries.

Originally the two Cowarts filed separate suits, but by agreement of all the parties the suits were consolidated and tried as one suit. The suit was tried at the February term, 1934, and resulted in an instructed verdict for the hotel company and findings on the part of the jury favorable to J. N. Meeks. The trial judge granted the Cowarts a new trial as to J. N. Meeks, but entered an interlocutory order in favor of the hotel company. At the April term, 1934, the cause was again tried and resulted in jury finding favorable to the Cowarts against J. N. Meeks. Based on these jury findings, the trial judge rendered judgment against J. N. Meeks in favor of M. A. Cowart in the sum of $16,409.00 and in favor of O. A. Cowart in the sum of $3,566.00. The interlocutory order in favor of the hotel company was made final.

J. N. Meeks has appealed from this judgment, naming the two Cowarts as appellees, and the two Cowarts have appealed from that part of the judgment favorable to the hotel company. Thus, the two Cowarts are appellees as to the appeal by Meeks and appellants as to the hotel company.

The Court of Civil Appeals affirmed the judgment as to the hotel company and reversed and rendered the judgment as to Meeks. 84 S. W. (2d) 845.

Writ of error was granted in the case because of an impression gained from the opinion of the Court of Civil Appeals and statements in application for writ that the Cowarts sustained a contractual relationship with Meeks. However, upon investigation of the facts we find that in reality there was not, strictly speaking, a contract between these parties. The only arrangement between Meeks and anyone was with Glenn Sorrel. The real facts with reference to this arrangement were these: Sorrell approached the general manager of Meeks in charge of the work and stated that he wanted the rubbish and would haul same away without charge. His agreement was to take the rubbish away promptly, so as to keep the alley clear and to prevent obstruction of the gutters and doors. The manager, among other things, testified as follows:

"It was just an agreement that he would take the stuff away, and I would save it for him. I told him if he would take it all he could have it, as long as he kept it cleared up. There were other people wanting some of it, and I think the city got a load or two of it."

Sorrell first began taking the rubbish away and then al-

lowed the Cowarts to take part for their own use. There never was any agreement of any kind between the Cowarts and Meeks. One of the Cowarts testified that at the time of the accident they were hauling the rubbish and putting it on their driveways.

It is thus seen that there was no contractual relationship with Meeks which required the Cowarts to keep in touch with the situation and to promptly remove the rubbish when it was thrown from the building to the ground. It was to their personal interest to do so, in order that they might get the rubbish instead of some one else getting it.

In the case of Kruse v. Houston Ry. Co., 253 S. W. 623, after stating the degree of duty due by the owner of premises to an invitee and to a licensee, the Court said:

"The only difficulty in the application of the rule is to determine from the facts of a particular case whether the person injured upon the premises of another was upon the premises as an invitee or was merely a licensee. In determining this question the general test is whether the injured person, at the time of the injury, had present business relations with the owner of the premises which would render his presence of mutual aid to both, or whether his presence on the premises was for his own convenience, or on business with others than the owner of the premises. In the absence of some relation which inures to the mutual benefit of the two, or to that of the owner, no invitation can be implied, and the injured person must be regarded as a mere licensee."

It is apparent, it seems to us, that when the Cowarts climbed the fire escape to the top of the first story of the building they were doing so for their own convenience and satisfaction, and there was not such mutuality of advantage and common interest between what they were doing and the business of Meeks as to make them invitees. For an able discussion of the pertinent rule we refer to the cases of Mendoza v. Texas & Pac. Ry. Co., 70 S. W. (2d) 261, and Boneau v. Swift & Company, Mo. App., 66 S. W. (2d) 172. The authorities cited by the Court of Civil Appeals are likewise in point.

If the Cowarts were merely licensees as to Meeks, they could be nothing more as to the hotel company. We have concluded that the Court of Civil Appeals has written such an apt opinion that further discussion is unnecessary, and its judgment is in all things affirmed.

Opinion adopted by the Supreme Court January 12, 1938.

Rehearing overruled February 9, 1938.