FRANCES PALTER *vs.* TILLIE ZARINSKY & another.

Suffolk.    November 7, 1958. — January 6, 1959.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Negligence,* Gross, One owning or controlling real estate.

Evidence of the circumstances in which a guest arriving in a home, after
hanging her outer clothes on a hanger on a door in a back hallway as
directed by her hostess, stepped through the doorway onto a platform
in darkness and fell down stairs leading to the cellar did not warrant a
finding of gross negligence on the part of the hostess.

TORT.   Writ in the Superior Court dated April 6, 1954.

The action was tried before *Swift,* J.

*Peter D. Cole,* (*George E. Donovan* with him,) for the defendants.

*Alfred A. Albert,* for the plaintiff.

COUNIHAN, J.   This is an action of tort against Tillie
Zarinsky, hereinafter called the defendant, and her son,
Melvin Zarinsky, for injuries sustained in a dwelling house
at 10 Hillside Avenue, Revere, occupied and controlled by
the defendants.   The declaration originally was in two
counts, one for negligence on account of which the plaintiff
as a business visitor was injured, and the other for gross
negligence causing the injury to the plaintiff.   Counsel for
the plaintiff in the course of his argument waived the first
count.   The action was submitted to a jury who returned a
verdict for the plaintiff.   It comes here upon the exceptions
of the defendants to the denial of their motion for a directed
verdict and to the judge's charge.

The evidence most favorable to the plaintiff was as follows: On October 28, 1952, the defendant invited several
women to her home to play cards and for a general social
evening.   Prior to the arrival of the guests, the defendant

put up a clothes hanger on a door in the back hallway and closed the door. This door opened onto a platform from which stairs led to the cellar. The defendant directed the plaintiff to hang her outer clothes on this hanger. As she was doing so the door swung open and away from the plaintiff. It was dark inside the doorway. The plaintiff thought it led to a bedroom. As she stepped from the platform to enter what she thought was a bedroom she fell down the stairs leading to the cellar and suffered injury.

In these circumstances the sole issue before us is whether the evidence warranted a finding that the defendants were guilty of gross negligence which is required to hold them liable. We are of opinion that it did not and that the failure to direct a verdict for the defendants was error. *Comeau* v. *Comeau*, 285 Mass. 578. *Aragona* v. *Parrella*, 325 Mass. 583. *O'Brien* v. *Shea*, 326 Mass. 681. Because of this we need not consider the defendants' exceptions to the judge's charge.

*Exceptions sustained.*
*Judgment for the defendants.*