**Vera BASS, Appellant,**

v.

**Russell CUMMINGS, Appellee.**

**No. 7708.**

Court of Civil Appeals of Texas.

Amarillo.

April 17, 1967.

Rehearing Denied May 22, 1967.

Jack Hazlewood, Amarillo, for appellant.

Culton, Morgan, Britain & White, Amarillo, Richard L. Cazzell, Amarillo, of counsel, for appellee.

CHAPMAN, Justice.

This is an appeal from a summary judgment rendered for defendant below, Russell Cummings, son-in-law of plaintiff-appellant, Vera Bass, in a suit by the mother-in-law for personal injuries resulting from a fall

when a throw rug on a landing three steps above the basement floor in the Cummings' home slipped under her footing as she was proceeding down the stairs into the basement. If we understand the record, the stairsteps proceed vertically down the stairwell to a landing, followed by a left turn, then three more steps to the basement floor. When the throw rug slipped under appellant, she fell down the three steps into the basement, landing on a baby carriage, and suffering various physical injuries, including a broken hip.

Appellant at the time of her fall, resided across the street from her daughter, son-in-law defendant, and their three children. Mrs. Bass visited in the Cummings' home regularly and had "a free run" of the house. She was aware that they used throw rugs in their home, had been in the basement no more than a half-dozen times, and though appellee and his wife and children had used the stairs with the throw rug in place without incident for five years, Mrs. Bass testified she was not aware of the rug on the bottom landing. However, it had been there on previous occasions when she went into the basement.

The stairway was dark, but such darkness was apparent to anyone standing at the top of the stairs. The only light on the inner side of the stairwell was the reflection cast thereon from two lamps in the basement. The same lighting situation had existed from the time appellee built the basement until appellant was injured, and still remains the same way.

The reason appellant visited the Cummings' home on the day of her injury was to see her grandchildren. It had recently snowed lightly, so she was in winter clothes with two light sweaters, a full-length winter coat, fur-lined shoes, and had on her spectacles. As was her custom, she opened the front door and called. The grandchildren answered from the back of the house and said, "Come in, Grandmother." On the way to the den where the children were, "they (meaning her son-in-law and daughter)

called me down." She backtracked and started down the stairs to the basement.

"There is just a faint light in there. I could tell there was a light here, but as far as being light on the stairway, there isn't any."

She then replied affirmatively to the question: "In other words, you were kind of walking down into a black hole?"

After reaching the landing she turned to proceed down the other three steps, " * * felt something soft around my feet" then stumbled and fell.

The case is before us upon one point of error to the effect that the pleadings and depositions " * * * were sufficient to raise triable, disputed issues of fact."

■ In determining whether the subject motion was properly granted, we must accept as true all summary judgment evidence which tends to support Mrs. Bass's contention and give her the benefit of every reasonable inference which properly can be drawn in favor of her position. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952).

The purpose of Rule 166–A, V.A.T.R., " * * * is to expedite the final determination of a case where there are no material issues of fact, and the sole function of the court in such cases is to determine whether there is an issue of fact to be tried." Hester v. Weaver, 252 S.W.2d 214 (Tex.Civ.App.— Eastland, 1952, writ ref'd).

■ The summary judgment components present in the instant case are the pleadings, the motion for summary judgment, appellee's reply thereto, and the oral depositions of appellant and appellee. There are no admissions on file and no affidavits. Therefore, we must examine the two depositions in the record and apply them under the rules above stated to the applicable law to determine if there is a material issue of fact. This is true because: "When facts entitling the moving party to prevail have

been established by * * * deposition testimony * * * the motion for summary judgment will not be denied merely because the opposite party has alleged matters which, if proved, would require that a different judgment be rendered." Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (1960).

By brief appellant admits that the duty owed by a host to his social guest is not as broad as the duty owed by the occupant to his business invitee; that many courts in many cases characterize the duty owed by a host to a social guest as similar to the duty owed by the occupant of land to a mere licensee; and that the host does not owe to his social guest the duty of maintaining the premises in a reasonably safe condition, but the guest takes the premises as he or she finds it. Appellant then contends there are two exceptions to these well-established rules just stated; i. e., (1) there is a "duty to warn a licensee or guest whose presence is known and whose danger is perceived," and (2) there is a "duty of the host not to injure the guest on the premises through active negligence." The statement relied upon in appellant's Exception No. (1) just stated uses the words "licensee" and "guest" synonymously, and the textual statements quoted in support thereof say, inter alia: " * * * the rule appears to be that the relation between host and guest is not that of invitor and invitee, but that of licensor and licensee." American Law Institute—Restatement of Torts, Section 30 defines a licensee as " * * * a person who is privileged to enter or remain upon land by virtue of the possessor's consent, whether given by invitation or permission." Without relating further facts than those above stated, we believe the record clearly established appellant as a licensee.

One Texas Court of Civil Appeals, in drawing a distinction between an invitee and a licensee, has· quoted with approval from a textual statement to the effect that a licensee is on the premises by sufferance only "and not by virtue of any business or contractual relationship with or any enticement or inducement to enter held out to him by the owner or occupant, but merely in his own interest and for his own purpose, benefits, convenience and pleasure." Snelling v. Harper, 137 S.W.2d 222 (Tex.Civ.App.—Texarkana, 1940, writ dism'd, judg.corr.) In this instance, by appellant's own sworn deposition testimony, her presence in appellee's home was to visit her grandchildren. The most essential factor in determining whether one is an invitee or a mere licensee is whether the premises is public or private. Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073 (1941). If on the premises as a licensee, " * * * the only duty that the defendant owed her was not to injure her willfully, wantonly, or through gross negligence." Carlisle v. J. Weingarten, Inc., supra. The last quoted statement is the expression of the Texas Supreme Court concerning the duty owed by the occupant of land or a public place to a licensee. We hold the duty is no greater upon an owner where the injuries occur in a private home and the relationship between the parties are as in the instant case. As stated in effect by appellant's brief, a licensee takes the premises as he finds them. See Meeks v. Cowart, 84 S.W.2d 845 (Tex.Civ.App.—San Antonio, 1935); Cowart v. Meeks, 131 Tex. 36, 111 S.W.2d 1105 (Tex.Comm'n App.—1938, opinion adopted); Chekanski v. Texas & New Orleans Railroad Co., 306 S.W.2d 935 (Tex.Civ.App.—Houston, 1957, writ ref'd n. r. e.).

None of the cases cited and quoted from in the preceding paragraph involved a factual situation where a close relative having a "free run" of a private residence was injured nor any type guests in private homes. There appears to be no Texas case of such a nature. We must, therefore, look to other jurisdictions.

The Supreme Court of the State of Washington in Porter v. Ferguson, 53 Wash.2d 693, 336 P.2d 133 (1959) has held that a mother specially invited to the home of her daughter and son-in-law to help prepare

the Sunday dinner because of her daughter's injured toe was a licensee. "Thus, the defendants, as occupiers of the premises, owed to the licensee only the duty of not willfully or wantonly injuring them under the Washington rule as expressed in Dotson v. Haddock, 46 Wash.2d 52, 278 P.2d 338." This was a case where the injured claimant slipped and fell because of a slick floor, of which the court assumed the son-in-law had cognizance.

The Supreme Court of Oregon in a death case resulting from falling down the stairs into the basement, where a lady guest had been in the basement only one time previously, denied recovery, as a matter of law, holding: "These duties imposed on the host are (1) not to willfully, wantonly or intentionally injure the guest, (2) not to injure the guest through active or affirmative negligent action, and (3) to warn a guest of any pitfall or trap from which the guest could not avoid injury by reasonable care and skill." Baer v. Van Huffell, 225 Or. 30, 356 P.2d 1069 (1960).

Those rules appear to be established law in Oregon by the previous holdings of the Supreme Court in that State in McHenry v. Howells, 201 Or. 697, 272 P.2d 210 (1954) and Burch v. Peterson, 207 Or. 232, 295 P.2d 868 (1956).

Where the testimony was conflicting as to whether a mother was invited to her son's home at the invitation of her daughter-in-law to prepare supper for guests, clean the dishes and possibly take care of several minor children, or whether she was simply a social guest, the Supreme Court of Montana held such questions were for a jury. The court stated if the mother went to the home as a guest and was only to perform any customary and incidental chores, she was a licensee, then held: "The duty to a licensee is generally stated as the duty to refrain from acts of willful and wanton negligence." Maxwell v. Maxwell, 140 Mont. 59, 367 P.2d 308 (1962).

The court stated the actual question in the case just cited was whether there was sufficient evidence to instruct the jury on the issue of hidden peril (ice under snow on defendant's front step), quoting with approval from C.J.S. to the effect that the occupier "owes a duty not to knowingly or willfully * * * let the licensee run into, or expose him to, a hidden danger or peril," then held there was no evidence that defendant knowingly or willfully exposed plaintiff to a hidden peril.

The Court of Appeals of Kentucky in Tharp v. Tharp, 346 S.W.2d 44 (1961) has held that a father as a visitor in the home of his son was a licensee and, as such, no duty was owed by the son other than of not knowingly letting him run into a hidden peril or willfully or wantonly causing him harm.

The evidence is without contradiction that Mr. Cummings did not know whether the rug was wadded before Mrs. Bass fell. The family had been using it for five years and it had been on the landing on other occasions when she negotiated the stairs into the basement. She had a "free run" of the house, visited there almost daily, and on the day in question went for the purpose of visiting her grandchildren. Being a licensee, she took the premises as she found them. Meeks v. Cowart, supra; Chekanski v. Texas & New Orleans Railroad Co., supra.

We hold there is not any probative evidence that Mr. Cummings perceived any danger to Mrs. Bass when "they" called her from the basement or knowingly did any act of willful or wanton negligence in leaving the rug on the stair landing or in exposing Mrs. Bass to a hidden danger or peril by the manner of construction of the stairwell or in the lighting thereof on the occasion in question. She had been down in the basement as many as six times. The rug was five years old and had been on the landing at other times when Mrs. Bass went into the basement. The lighting was no differ-

ent to other occasions when she had gone down the steps.

Because we believe this to be a first impression case in Texas under the facts shown in the record, we make the holding deliberately that Mrs. Bass was a licensee and under the limitations in the cases cited in order that the Supreme Court of Texas may have a clear cut issue before them if that court does not agree with our reasoning and with the line of cases we have followed.

Believing no material fact issues are shown in the record the judgment of the trial court is affirmed.