**Heidi BUCHHOLZ, Appellant,**

v.

**Allen STEITZ et ux., Appellees.**

**No. 17531.**

Court of Civil Appeals of Texas, Dallas.

Jan. 22, 1971.

Rehearing Denied Feb. 12, 1971.

W. A. Pritchard, Anderson, Henley, Shields, Bradford & Pritchard, Dallas, for appellant.

Gordon H. Rowe, Jr., Gardere, Porter & DeHay, Dallas, for appellees.

GUITTARD, Justice.

Plaintiff Heidi Buchholz was a guest in the home of defendants Lena and Allen Steitz and was injured when she opened what she took for a bathroom door and fell down a stairway into the basement. She alleged in her petition that defendants were negligent in failing to have the basement door locked, in failing to have the stairway lighted, and in failing to warn of the existence of the basement. She further alleged that the stairway behind the unlocked and unmarked door was a trap or pitfall and was such an unreasonable risk of harm to plaintiff that defendants were under a duty to warn her of the danger. The trial court rendered summary judgment for defendants and plaintiff has appealed, contending that fact issues are raised concerning these allegations.

Plaintiff testified in her deposition that she was a social friend of defendants and had visited in their home about five times. On the first visit about three years before the occasion in question, she had been shown the whole house, including the basement. On the day of the injury, Mrs. Steitz invited her for lunch and a swim. After lunch Mrs. Steitz suggested that plaintiff go into the other part of the house and change into her bathing suit. Plaintiff picked up a bag containing her suit and went into the other part of the house looking for a bathroom. She saw a closed door and thought it was the bathroom, opened the door, but saw nothing, reached with her hand to find the light switch, followed the door as it opened inward, stepped forward and fell down the stairs before she could turn on the light.

Plaintiff had changed clothes before at defendants' home. On that occasion Mrs. Steitz had showed her to a bedroom. This time the house had been remodeled and the bedroom had been made into an office. As she approached the basement door, she saw the office to her right and a den to her left, but she was looking for a bathroom. She had forgotten that the house had a basement, although she had been in it on her first visit.

Mrs. Steitz testified in her deposition that she did not tell plaintiff which room to go to and did not go with her since plaintiff had been in the house before and knew the way. The door opened inward over the stairway and there was nothing on the

outside of the door to indicate that a stairway was behind it.

The question is whether under these circumstances defendants breached any duty which they owed the plaintiff. We hold that they did not.

Most authorities agree that one who accepts the gratuitous hospitality of another cannot reasonably expect his host to make special preparations for his safety, but must take the premises as the host and his family use them. Consequently, a social guest is treated as a licensee, who comes on the premises for his own purposes with the occupier's permission or consent, rather than as a business invitee, whose presence serves the occupier's economic interest. St. Clergy v. Northcutt, 448 S.W.2d 847 (Tex.Civ.App., Beaumont 1969, no writ); Weekes v. Kelley, 433 S.W.2d 769 (Tex. Civ.App., Eastland 1968, writ ref'd n. r. e.); Bass v. Cummings, 415 S.W.2d 438 (Tex. Civ.App., Amarillo 1967, writ ref'd n. r. e.); Restatement, Second, Torts, § 330, p. 175; 2 Harper and James, Torts (1956) 1476–1478; Prosser on Torts, 3d Ed. (1964) 387; 38 Am.Jur. 778.

Some authorities say that the only duty the occupier has to a licensee is not to injure him willfully, wantonly or by gross negligence. See cases above cited and also Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1950); Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073 (1941); Galveston Oil Co. v. Morton, 70 Tex. 400, 7 S.W. 756, 8 Am.St. Rep. 611 (1888). Other opinions indicate that a licensee whose presence on the premises is known or anticipated may recover for active or affirmative negligence as distinguished from a passive condition on the premises. Weekes v. Kelley, supra; Houston Belt & Terminal Ry. Co. v. O'Leary, 136 S.W. 601 (Tex.Civ.App., Galveston 1911, writ ref'd). The cases that have given us the most concern are those holding that under some circumstances the occupier has a duty to give warning to a licensee of a dangerous condition known to the occupier and which he has reason to

believe the licensee will not discover for himself. Bass v. Cummings, supra; Gulf Refining Co. v. Beane, 133 Tex. 157, 127 S.W.2d 169 (1937); Gonzalez v. Broussard, 274 S.W.2d 737 (Tex.Civ.App., San Antonio 1954, writ ref'd n. r. e.); Anderson v. Cinnamon, 365 Mo. 304, 282 S.W.2d 445, 55 A.L.R.2d 516 (1955); Laube v. Stevenson, 137 Conn. 469, 78 A.2d 693, 25 A.L.R.2d 592 (1951). See Annotations in 55 A.L.R.2d 525, et seq., and 25 A.L.R.2d 598, et seq. The decisions on this point are summarized in 38 Am.Jur., 1970 Supplement, § 106, p. 78.

The rule concerning the occupier's duty to licensees is formulated in Restatement, Second, Torts, § 342, as follows:

> "Dangerous Conditions Known to Possessor
>
> A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,
>
> (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and,
>
> (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
>
> (c) the licensees do not know or have reason to know of the condition and the risk involved."

Although the authorities are not entirely consistent in their statements of the rule, we have found none that would impose a duty in a situation like the present. Even the Restatement, Second, which is more favorable to the licensee than any of the Texas decisions, adds a comment to the effect that a licensee is not entitled to expect that the possessor will warn him of conditions perceptible to him or the existence of which can be inferred from facts within his present or past knowledge. Op. cit. p. 212.

In the present case Mrs. Steitz knew of the stairway but she also knew that plaintiff had been in the house on several occasions and had even been in the basement. Plaintiff admits that she knew about the stairway but had forgotten about it on this occasion. Under these circumstances there is no reason to suppose that Mrs. Steitz realized that the stairway was an unreasonable risk to plaintiff. Neither was it such a trap or pitfall that defendants should have realized the particular danger to plaintiff. Consequently, under the above authorities, we hold that defendants had no duty to warn plaintiff of its existence or to take other measures for her protection, and as a matter of law their failure to do so was not negligence.

This holding is supported by decisions from other jurisdictions in cases where guests have opened the wrong doors by mistake and fallen down basement stairs. Johnson v. Goodier, 182 Neb. 172, 153 N.W.2d 445, 22 A.L.R.3d 281 (1967); Felix v. O'Brien, 413 Pa. 613, 199 A.2d 128 (1964); Fabrizio v. Youhas, 148 Conn. 426, 172 A.2d 69 (1961); Baer v. Van Huffell, 225 Or. 30, 356 P.2d 1069 (1960); Tempest v. Richardson, 5 Utah 2d 174, 299 P.2d 124 (1956); Palter v. Zarnisky, 338 Mass. 256, 155 N.E.2d 158 (1959); Biggs v. Bear, 320 Ill.App. 597, 51 N.E.2d 799 (1943). Plaintiff cites decisions reaching contrary results, but all involved circumstances more favorable to the plaintiffs than those shown here. Richards v. Crocker, 108 N.H. 377, 236 A.2d 692 (1967); Malmquist v. Leeds, 245 Minn. 130, 71 N.W.2d 863 (1955); Maher v. Voss, 7 Terry 418, 46 Del. 418, 84 A.2d 527 (1951).

Plaintiff also urges us to follow the example of the Supreme Court of California, which, in a case involving a social guest, overruled its earlier decisions and imposed on occupiers the duty of using ordinary care for protection of all persons on their premises, without respect to the common-law distinctions between invitees, licensees and trespassers. Rowland v. Christian, 69 Cal.2d 108, 70 Cal. Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496 (1968). We would not be disposed to take so drastic a step, even if we thought we had authority to do so.

This ruling renders unnecessary any consideration of the other points raised on this appeal.

The judgment of the trial court is affirmed.