**The STATE of Texas, Petitioner,**

v.

**Judyth S. TENNISON et vir, Respondents.**

**No. B–4138.**

Supreme Court of Texas.

May 1, 1974.

Rehearing Denied June 5, 1974.

John L. Hill, Atty. Gen., Harry C. Green, Asst. Atty. Gen., Austin, for petitioner.

Byrd, Davis, Eisenberg & Clark, Jack C. Eisenberg and Terry L. Weldon, Austin, for respondents.

DENTON, Justice.

This is a suit for damages under the Texas Tort Claims Act.[1]  The trial was to

1.  Article 6252–19, Vernon's Annotated Civil Statutes.

the court without a jury and judgment was rendered for the plaintiff below. The court of civil appeals, by a majority opinion, affirmed. 496 S.W.2d 219. We reverse.

The Respondent, Judyth S. Tennison, while an employee of the State, fell in an anteroom near the entrance of a State Building on the premises of Camp Mabry, Travis County, Texas, on February 16, 1970. The building is owned and maintained by the State of Texas. She did not at first realize the extent of her injuries, but in May of the same year she was admitted to a hospital for a myelogram. A laminectomy was performed shortly thereafter. During her recovery from that surgery she contracted iliofemoral thrombophlebitis, and was again hospitalized. As a consequence of the spinal surgery and the complications of phlebitis, Mrs. Tennison was seriously disabled and will require medical treatment indefinitely.

In its findings of fact, the trial court found that the floors of the building were unreasonably and dangerously slick; that this dangerous condition was the proximate cause of the plaintiff's fall; that the State, through its servants, knew or should have known of the condition of the floor; that Mrs. Tennison neither knew nor had reason to know of that condition; that the State failed either to correct the condition through the use of reasonable care, or to warn Mrs. Tennison of the danger. The court concluded that the State is liable to respondent under the terms and provisions of Section 3, Article 6252–19; and further concluded that under the terms and conditions of Article 6252–19, Section 18(b), the State owed to Mrs. Tennison the duty owed by a private person to a licensee on private property. The court found that duty to be as follows:

"(2) A licensor is subject to liability for personal injuries to a licensee caused by a condition on the licensor's premises if:

"(A) The licensor knows or has reason to know of the condition, and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that such licensees will not discover or realize the danger,

"(B) And the licensor fails to exercise reasonable care to make the condition safe or to warn the licensee of the condition of the risk involved, and

"(C) The licensee does not know or have reason to know of the condition or the risk involved."

Thus the trial court concluded that the duty of a licensor is measured by a standard of ordinary care to warn the licensee of the condition or make the condition safe for the licensee. It appears the trial court adopted the standard of care that is found in the Restatement of Torts, Second, Section 342.

The court of civil appeals affirmed and held the trial court correctly concluded that the duty imposed upon the State as licensor was the duty of ordinary care based upon constructive knowledge of the licensor.

Article 6252–19, Section 3, provides in part:

"Each unit of government in the state shall be liable for money damages for personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office . . . or death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state. Such liability is subject to the exceptions contained herein, and it shall not extend to punitive or exemplary damages."

Article 6252–19, Section 18(b) provides:

"As to premise defects, the unit of government shall owe to any claimant

only the duty owed by private persons to a licensee on private property, unless payment has been made by the claimant for the use of the premises. . . . "

The respondents take the position that the Texas Tort Claims Act creates two entirely separate grounds of liability. They argue that Article 6252–19, Section 3, creates a broad general basis of liability. The argument is that Section 3 contains no limitation of the State's duty, such as that set out in Section 18(b). They say that Section 3 imposes the common law duty of ordinary care upon the State in cases arising out of the active use of the State's property, real or personal. They further contend the limitation placed upon the State's liability by Section 18(b) is not applicable in this case because of the active negligence of the State's agent in creating the dangerous condition by the manner in which he maintained the floor.

We are unable to agree with respondents' contentions. Section 3 does impose upon units of government general liability for personal injury or death caused "from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state." However the section continues, "Such liability is subject to the exceptions contained herein." Section 18(b) provides such an exception where the claim arises from "premise defects." That exception imposes upon the State the same duty owed by private persons to a licensee on private property.

This court has recognized that the duty owed by an occupier to a person injured on his premises, is dependent on the legal status of the injured party; that is, whether invitee or licensee. Olivier v. Snowden, 426 S.W.2d 545 (Tex.1968). However, here we are not called upon to determine the legal status of Mrs. Tennison. Section 18(b) defines the duty of a unit of government in cases involving premise defects to be "only the duty owed by private persons to a licensee on private property."

It is well settled in this State that if the person injured was on the premises as a licensee, the duty that the proprietor or licensor owed him was not to injure him by willful, wanton or gross negligence. Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073 (1941); Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1950); McKethan v. McKethan, 477 S.W.2d 357 (Tex.Civ.App.1972, writ ref. n. r. e.); Bass v. Cummings, 415 S.W.2d 438 (Tex.Civ.App.1967, writ ref. n. r. e.); Buchholz v. Steitz, 463 S.W.2d 451 (Tex.Civ.App.1971, writ ref. n. r. e.). An exception to the general rule is that when the licensor has knowledge of a dangerous condition, and the licensee does not, a duty is owed on the part of the licensor to either warn the licensee or to make the condition reasonably safe. Gonzalez v. Broussard, 274 S.W.2d 737 (Tex.Civ.App.1954, writ ref. n. r. e.). We think that the duty imposed upon the State by the courts below is contrary to the settled law of this State. Texas has conformed to the generally recognized rule that the duty to warn licensees of dangerous conditions arises only in those instances were the licensor knows of the condition likely to cause injury. Gonzalez v. Broussard (supra). Actual knowledge rather than constructive knowledge of the dangerous condition is required. There is no evidence in this record to support the finding that the State or its agents knew of the dangerous condition of the premises or of any danger to respondent.

The clear intent of the legislature was to limit the State's immunity in tort claims arising from premise defects by imposing the same duty upon the State as that owed by private persons to a licensee on private property. That duty had been clearly established by the courts of this State. We can only conclude that

such duty was not applied by the courts below.

The judgments of the courts below are reversed and judgment is here rendered that respondent, Judyth S. Tennison, take nothing by this suit.

Concurring opinion by REAVLEY, J., in which SAM D. JOHNSON, J., joins.

REAVLEY, Justice (concurring).

For a rule of liability of the possessor of land to a licensee, I prefer that of Section 342 of the Restatement of Torts. Both the trial court and the Court of Civil Appeals have applied that rule in reaching their judgments for this plaintiff. Under that rule, the possessor of land has no duty to inspect the land; but if he knows of facts which would put a reasonable person on notice of the defect and unreasonable risk of harm, he is charged with knowledge of the danger. It is an objective test of the defendant's knowledge of the danger based upon facts within his actual knowledge. Restatement (Second) of Torts § 12(1) (1965). I am prepared to extend the duty of owner-occupiers of land in Texas accordingly.

I cannot, however, vote for recovery by this plaintiff. This is a premises defect and Section 18(b) of the Texas Tort Claims Act controls, as this Court holds. The Act would not make the State liable and suable for the janitor's misapplication of wax. Furthermore, I would not ascribe to the Legislature an intention to give to this Court the power to modify the duty owed to a licensee and expand the State's liability unless the Texas Tort Claims Act gave some indication of that intention.

SAM D. JOHNSON, J., joins in this concurring opinion.