Judith WARREN et vir, and Roger Warren,
Appellants,

v.

Joe MEDLEY, Appellee.

No. 7675.

Court of Civil Appeals of Texas,
Beaumont.

March 13, 1975.

**138**

Mike Aranson, Dallas, for appellants.

Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

KEITH, Justice.

Plaintiffs appeal from a take nothing judgment entered after defendant's motion for summary judgment had been sustained by the court, and we will designate the parties as they appeared below.

On the evening of the incident in question, plaintiffs were accompanied by a friend to a restaurant where the parties dined. They then went to a nightclub in Dallas. where, according to our record, the principal form of entertainment was furnished by bare-breasted female "go-go" dancers who performed upon some type of plexiglass covered platform, in the club. Having been so entertained, the parties returned to plaintiffs' home but remained there only a very short time. They then went next door to defendant's home where he and his wife were entertaining another couple, Mr. and Mrs. John Reynolds, III. Plaintiffs' arrival interrupted the poker game then in progress and soon the conversation drifted to an account of the performance of the go-go girls at the nightclub. There is a slight but unimportant difference in the testimony of the parties as to exactly what happened next. Defendant and Reynolds said that Mrs. Warren demonstrated the dance which she had seen at the club but this was denied by Mrs. Warren.

Reynolds urged Mrs. Warren to repeat her exhibition but she declined. Reynolds then grabbed her around the waist and placed her upon the top of the table where the poker game had been conducted. This was a glass-topped table with a wrought iron frame and legs with the glass resting entirely within the framework of the table without center support. Defendant knew it would not support the weight of an adult.

A few seconds after being placed on the table and before she had begun any dancing, instead while pleading to be helped down, the glass top broke. Mrs. Warren fell through the broken top and sustained injury to her leg from the broken shards. Plaintiffs sued defendant and Reynolds. The trial court sustained defendant's motion for summary judgment; and plaintiffs, after settling their suit against Reynolds, now appeal from the take nothing judgment. We affirm.

After a careful review of the deposition testimony forming a part of the summary judgment record, we are of the opinion that the defendant successfully negated plaintiffs' right to recover. In arriving at this conclusion we have borne in mind the rules enunciated by our Supreme Court, including, inter alia, the following:

1. Defendant labored under the burden of establishing as a matter of law that he is not liable under any theory fairly presented by the allegations of plaintiffs' petition. Kelsey-Seybold Clinic v. Maclay, 466 S.W.2d 716, 720 (Tex.1971).

2. If reasonable minds could differ as to the conclusions to be drawn from the summary judgment facts, the defendant did not discharge the burden placed upon him. Adam Dante Corporation v. Sharpe, 483 S.W.2d 452, 455 (Tex.1972).

3. Ordinarily the testimony of an interested witness raises only a fact issue and will not support a summary judgment. Swilley v. Hughes, 488 S.W.2d 64, 67

(Tex.1972); Torres v. Western Casualty and Surety Company, 457 S.W.2d 50 (Tex.1970).

■ 4. If credibility of witnesses or weight of showings are involved, the motion should be denied. Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41, 47 (Tex.1965).

■ Our decision is simplified somewhat by the agreement of the parties that plaintiffs occupied the status of licensees at the time Mrs. Warren received her injuries. Admittedly, the plaintiffs were social guests in defendant's home; and, as such, were licensees. Weekes v. Kelley, 433 S. W.2d 769, 771 (Tex.Civ.App.—Eastland 1968, writ ref'd n. r. e.); Bass v. Cummings, 415 S.W.2d 438 (Tex.Civ.App.— Amarillo 1967, writ ref'd n. r. e.); St. Clergy v. Northcutt, 448 S.W.2d 847, 849 (Tex.Civ.App.—Beaumont 1969, no writ).

■ The duty owed to a licensee by the owner or licensor has been restated by our Supreme Court in State v. Tennison, 509 S.W.2d 560, 562 (Tex.1974), in these words:

"It is well settled in this State that if the person injured was on the premises as a licensee, the duty that the proprietor or licensor owed him was not to injure him by willful, wanton or gross negligence."

In McPhearson v. Sullivan, 463 S.W.2d 174 (Tex.1971), the Court reaffirmed the earlier definition of gross negligence:

"Gross negligence is 'that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it.' "

Plaintiffs, citing several out of state cases, argue that the duty of a host to a social guest is in a process of change from the willful and wanton conduct or gross negligence test [as set out in *Tennison*, supra] to one which requires that the host exercise reasonable care to refrain from injuring the guest by "active" negligence.

We are reluctant to revive the dichotomy of "active" versus "passive" negligence which plagued the bench and bar of this state for many years. The distinction between these two forms seems to have become academic since the 1953 amendment of Subdivision 9, Article 1995, Vernon's Tex.Rev.Civ.Stat.Ann., dividing the old subdivision into two component parts, subdivisions 9 and 9a. See 40 Tex.Jur.2d, Negligence § 2, at 440–442 (1962).

■ As an intermediate appellate, court, it is our duty to follow the clear decisions of our Supreme Court as to the substantive law when it can be ascertained with certainty. *Tennison*, supra, is clear as to the duty owed by a host-licensor to his guest-licensee. If there is to be relaxation of the rule, it should come from our court of last resort. We will continue to follow *Tennison* until otherwise notified by the Supreme Court.

■ In the clearest possible language, Mrs. Warren testified that defendant did not suggest that she be placed on the table and that he "expressed surprise" at seeing her there. Finally, it was her testimony that "[h]e [defendant] couldn't have prevented it." From our careful review of the deposition testimony of Mrs. Warren, we conclude that reasonable minds could not differ as to the sequence of events leading up to the accident. It was Reynolds' act in placing her on top of the table —an act in which defendant did not participate—which brought about her injuries.

Defendant has successfully discharged his onerous burden of showing that he was not guilty of any willful or wanton conduct or gross negligence toward Mrs. Warren on the occasion in question. Moreover, he has negated both proximate cause and cause in fact as a matter of law. See: McKethan v. McKethan, 477 S.W.2d 357 (Tex.Civ. App.—Corpus Christi 1972, writ ref'd n. r.

e.); Hopkins v. Texas Power and Light Company, 514 S.W.2d 143 (Tex.Civ.App. —Dallas 1974, no writ).

The judgment of the trial court is affirmed.