Beatrice HASTINGS, Appellant,

v.

Vicke DE LEON, Appellee.

No. 15497.

Court of Civil Appeals of Texas, San Antonio.

Dec. 31, 1975.

Rehearing Denied Jan. 28, 1976.

Donald J. Walheim, Hardberger, Branton & Herrera, Inc., San Antonio, for appellant.

Michael M. Fulton, Beckmann, Stanard & Olson, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant has perfected her appeal from a take-nothing judgment based on an instructed verdict granted at the close of appellant's case in her suit to recover damages for personal injuries sustained in a slip and fall accident at the home of appellee, the daughter of appellant.

Appellant urges by her single point of error that the trial court erred in granting an instructed verdict for three reasons: (1) A fact issue was raised as to whether appellant was an "invitee" or "licensee"; (2) We should abolish the common law distinctions

between the duty owed to a licensee and that owed to an invitee by the owner or occupier of land; (3) A fact issue of negligence was raised in this case even if appellant is considered to be a licensee.

In *Cowart v. Meeks*, 131 Tex. 36, 111 S.W.2d 1105 (Texas Com.App.1938, opinion adopted), the test to be applied to determine the status of the injured person was stated as follows:

> In determining this question the general test is whether the injured person, at the time of the injury, had present business relations with the owner of the premises which would render his presence of mutual aid to both, or whether his presence on the premises was for his own convenience, or on business with others than the owner of the premises. In the absence of some relation which inures to the mutual benefit of the two, or to that of the owner, no invitation can be implied, and the injured person must be regarded as a mere licensee.

This test was recently considered and adopted by our Court in *Mendez v. Knights of Columbus Hall*, 431 S.W.2d 29 (Tex.Civ. App.—San Antonio 1968, no writ). See also *Bass v. Cummings*, 415 S.W.2d 438 (Tex.Civ. App.—Amarillo 1967, writ ref'd n. r. e.).

Under the above test, the evidence in this case conclusively establishes that appellant was a licensee at the time of her fall in appellee's home. The testimony of both appellant and appellee is that appellee went by appellant's home after attending a movie. Appellee there borrowed her brother's car to return to her own home to pick up a check she desired to deposit as well as some clothes for her infant daughter. Appellant accompanied appellee on this trip, at appellee's request, and went into appellee's house to look at some new furniture appellee had recently acquired. After about twenty minutes in the house, and as the parties were exiting through the front door, appellant slipped and fell. This evidence clearly establishes that appellant was a "social guest" in her daughter's home at the time of the fall and is thus classified in law as a "licensee." *McKethan v. McKethan*, 477 S.W.2d 357 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.); *Buchholz v. Steitz*, 463 S.W.2d 451 (Tex.Civ.App.—Dallas 1971, writ ref'd n. r. e.); *Warren v. Medley*, 521 S.W.2d 137 (Tex.Civ.App.— Beaumont 1975, no writ); *Bass v. Cummings, supra*.

Appellant urges by her second proposition that we should abolish the common law distinction between invitees, licensees, and trespassers. This distinction was adopted by our Supreme Court many years ago and was recently recognized again in *State v. Tennison*, 509 S.W.2d 560 (Tex. 1974). This distinction has not been overruled. It is our duty as an intermediate court, in our judicial system, to follow the clear decisions of our Supreme Court. *Swilley v. McCain*, 374 S.W.2d 871 (Tex. 1964); *Buchholz v. Steitz, supra; Warren v. Medley, supra*. If the common law distinction is to be abolished by court decision, it should be done by our Supreme Court.

Appellant urges by her third proposition that appellee breached the duty owed appellant, even if she was a licensee. It is well established that if the person injured was on the premises as a licensee, the duty owed her was not to injure her by willful, wanton or gross negligence. An exception to this general rule is when the licensor has knowledge of a dangerous condition, and the licensee does not, a duty is owed on the part of the licensor to either warn the licensee or to make the condition reasonably safe. *State v. Tennison, supra; Carlisle v. J. Weingarten, Inc.*, 137 Tex. 220, 152 S.W.2d 1073 (1941); *Mendez v. Knights of Columbus Hall, supra; Gonzalez v. Broussard*, 274 S.W.2d 737 (Tex.Civ.App.— San Antonio 1954, writ ref'd n. r. e.).

The exact cause of appellant's fall is unknown. The testimony of appellant and appellee is very similar: Both were leaving by the front door; appellee was holding the door open for appellant; appellant was admiring a bird cage that appellee had con-

verted into an ivy planter; appellant suddenly slipped and fell as she was leaving the house; her body landed on the front step with one leg under her body. Both appellant and appellee testified at the trial that they believed appellant slipped on a small rug that appellee had placed on the floor by the door for people to clean their wet shoes. This rug was not attached to the tile floor and thus it could slip under one's foot. On the other hand, the treating doctor's record shows that appellant had tripped on the weather stripping of the front door. This weather stripping was found to be loose after the incident and was repaired by appellee's husband. However, we must assume, for the purpose of this appeal from an instructed verdict, that the appellant slipped on the rug.

There is evidence that appellee knew that the rug was on the floor and that it was unattached. Nevertheless, there is no evidence she knew prior to the fall that the rug created a dangerous condition. To the contrary, the rug had been placed by the door every time it had rained. On a prior occasion, appellee's two-year old daughter had fallen near the door, but appellee did not realize that the loose rug had caused the fall, if it did do so. On this occasion, all parties including two small children walked on the rug in entering the house and all but appellant exited without incident. This evidence does not amount to more than a scintilla that the loose rug created a dangerous condition and that appellee knew prior to the accident that such condition was likely to cause injury.

The trial court did not err in instructing the jury to return a verdict for appellee and in entering the take-nothing judgment.

The judgment is affirmed.

CADENA, Justice (dissenting).

Without expressing any opinion as to the validity of the traditional trespasser-licensee-invitee distinctions, I would reverse the judgment below and remand the cause for new trial.

The instructed verdict can be upheld only if we conclude that, as a matter of law, defendant had no knowledge that the condition which she had created constituted a danger. Disregarding, as we must under well-established rules, her assertion of ignorance, I believe that the evidence is sufficient to raise a question of fact as to her knowledge of such danger. We, of course, are not concerned with the factual sufficiency of the evidence to support a finding in favor of plaintiff.