Monique JANNETTE, Harry M. Jannette, Jr., and Mamie Jannette, Individually, Appellants,

v.

Patrick F. DEPREZ and Don Glendenning, Individually, and Blackland Properties, Inc., Appellees.

No. 05–84–00756–CV.

Court of Appeals of Texas, Dallas.

Nov. 19, 1985.

Rehearing Denied Dec. 23, 1985.

Terry Hyatt, Law Offices of Windle Turley, P.C., Dallas, Darrell Panethiere, Law Offices of Windle Turley, P.C., Kirk Purcell, amicus curiae, for appellants.

Roswald Shrull, Michael W. Kelly, Crumley, Murphy & Shrull, Fort Worth, R. Brent Cooper, Judith H. Winston, Michael W. Huddleston, Cowles & Thompson, Dallas, for appellees.

Before GUITTARD, C.J., and ALLEN and DEVANY, JJ.

GUITTARD, Chief Justice.

Monique Jannette sued Patrick Deprez, Blackland Properties, Inc., and Don Glendenning for injuries she received in a diving accident at an abandoned, water-filled quarry on the defendants' land. The jury found that Jannette was a trespasser and was negligent on the occasion in question and that Blackland was grossly negligent, but that the other defendants were not grossly negligent. The jury also found that Jannette's injuries were caused sixty-five percent by her own negligence and thirty-five percent by Blackland's gross negligence. The trial court rendered judgment that Jannette take nothing against Blackland and the other defendants.

■ In this appeal Jannette contends, among other things, that her ordinary negligence should not have been compared with Blackland's gross negligence to determine her recovery of actual damages. We hold that in a premises-liability case, a defendant's gross negligence may be compared with a plaintiff's ordinary negligence to determine the plaintiff's recovery of actual damages.

■ In this same suit, Jannette's parents, Harry M. Jannette, Jr. and Mamie Jannette, sought damages for their loss of companionship and their mental anguish due to their daughter's injuries. The parents contend that the trial court erred in refusing to submit special issues on loss of companionship and mental anguish. We hold that a parent's cause of action for loss of companionship and mental anguish due to injury to a child that survives is available only when the parent witnesses the child's injury. Accordingly, we affirm the trial court's judgment.

### 1. *Contributory Negligence*

The water-filled quarry where Jannette's injuries occurred was located on land owned by Deprez. He leased this property to Blackland, which in turn leased it to Glendenning. The quarry was a popular swimming spot despite Glendenning's efforts to exclude trespassers. The evidence shows that he had made numerous attempts to discourage use of the quarry, including fencing the area, posting "No Trespassing" signs, dumping oil into the water, spreading nails over the automobile entryways, constructing a raised dike, and enlisting the assistance of the sheriff to patrol the area.

At the time of her injury, Jannette was a seventeen-year-old high-school graduate. She was a trained diver and had received a diving scholarship to Southern Methodist University. She had visited the quarry to swim and dive on several occasions without incident. On the occasion in question, she made two dives from the tailgate of a pick-up truck pulled to the edge of the quarry. On the second dive, she struck something beneath the surface of the water and broke her neck. The jury found that Jannette was a trespasser; that she was negligent both in failing to determine the depth of the water and contour of the bottom before diving and in performing a "pike save," a somersault maneuver performed underwater after diving; and that this conduct was sixty-five percent of the negligence causing her injuries.

Jannette contends that her ordinary negligence and Blackland's gross negligence cannot be compared under the comparative negligence statute, TEX.REV.CIV.STAT. ANN. art. 2212a, § 1 (Vernon Supp.1985), to reduce or bar her recovery of the actual damages assessed because ordinary negli-

gence and gross negligence are of such disparate types as to preclude comparison.

Before passage of article 2212a, ordinary contributory negligence was a complete bar to recovery in actions based on gross negligence. *See, e.g., Parrott v. Garcia,* 436 S.W.2d 897, 901 (Tex.1969); *Sargent v. Williams,* 152 Tex. 413, 258 S.W.2d 787, 788 (1953); *Schiller v. Rice,* 151 Tex. 116, 246 S.W.2d 607, 615–16 (1952); *Fort Worth Elevators Co. v. Russell,* 123 Tex. 128, 70 S.W.2d 397, 408 (1934). The qualitative difference between the defendant's gross negligence and the plaintiff's ordinary negligence was considered inconsequential to the issue of the plaintiff's recovery. *Schiller,* 246 S.W.2d at 615–16. By enacting article 2212a, the legislature abolished contributory negligence as a complete bar to recovery only when the plaintiff's negligence does not exceed that of the defendant. Nothing in article 2212a indicates an intent to change prior law su as to eliminate consideration of the plaintiff's negligence in cases involving a greater degree of negligence, i.e., gross negligence, of the defendant. *See Lane v. Meserve,* 20 Mass. App. 659, 482 N.E.2d 530, 533 (1985); *Danculovich v. Brown,* 593 P.2d 187, 192–93 (Wyo.1979). Such differences of degree are left for the jury's determination. Thus, since the passage of article 2212a, the prior law of contributory negligence still controls except to the extent modified by that article.

■ Additionally, disallowance of the contributory negligence defense would be illogical when more than ordinary negligence is required for liability. In a premises-liability case, a landowner is liable to a trespasser only if he injures him willfully, wantonly, or through gross negligence. *Burton Construction & Ship Building Co. v. Broussard,* 154 Tex. 50, 273 S.W.2d 598, 603 (1955). It would be inconsistent to give an occupier of land the added protection of a gross negligence threshold of recovery without the protection of the contributory negligence defense when a defendant with less initial protection would retain that defense. Such a result would subvert the added protection to the occupier provided by the initial increased threshold of proof.

■ In accordance with this rationale, Texas courts have traditionally allowed a contributory negligence defense in cases involving a gross negligence threshold of recovery. *Sargent,* 258 S.W.2d at 788 (guest statute); *Schiller,* 246 S.W.2d at 615–16 (guest statute); *Fort Worth Elevators Co,* 70 S.W.2d at 408 (suit for exemplary damages under the gross negligence provision of the Texas Constitution, TEX. CONST. art. XVI, § 26). To the extent that a trespasser's claim involves a gross negligence threshold of recovery, the same rationale would apply. Consequently, we hold that under article 2212a a plaintiff's ordinary contributory negligence bars recovery of actual damages when the plaintiff's negligence exceeds that of the defendant, even when the defendant is liable for gross negligence.

Jannette refers us to *Anderson v. Trent,* 685 S.W.2d 712 (Tex.App.—Dallas 1984, writ ref'd n.r.e.), in which we held that exemplary damages awarded upon a finding of gross negligence cannot be reduced by a plaintiff's comparative negligence. *Id.* at 714. In *Anderson* we concluded that since the purposes of exemplary damages are punishment and deterrence, those purposes would be defeated to the extent that exemplary damage awards are reduced because of the plaintiff's negligence. *Id.* In *Anderson* we did not address the present issue—whether recovery of actual compensatory damages is reduced or barred by a plaintiff's negligence when a defendant is found liable for gross negligence. Thus, *Anderson* is inapposite to the present case.

### 2. *Comparative Negligence*

In the alternative Jannette contends that, if her ordinary contributory negligence limits her recovery of actual damages, she is nevertheless entitled, notwithstanding the provisions of article 2212a, to thirty-five percent of the actual damages awarded under the pure comparative causation scheme announced by the Texas Supreme Court in *Duncan v. Cessna Aircraft Co.,*

665 S.W.2d 414 (Tex.1984). In *Duncan* the court held that "in products liability cases in which at least one defendant is found liable on a *theory other than negligence,* the plaintiff's damages shall be reduced only by the percentage of causation attributed to the plaintiff, regardless of how large or small the percentage may be." *Id.* at 429 (emphasis added). Jannette argues that gross negligence is a "theory other than negligence." We do not agree.

■ The supreme court has always regarded gross negligence as one type of negligence, which is distinguished from ordinary negligence by adding to the element of lack of care the defendant's "conscious indifference" to the welfare and safety of others. *Burk Royalty Co. v. Walls,* 616 S.W.2d 911, 922 (Tex.1981). *Schiller* and the other cases above cited stand for the rule that gross negligence falls short of the kind of intentional wrong to which the defense of contributory negligence may not properly apply. We conclude that a defendant found guilty of gross negligence has not been found liable on a "theory other than negligence" so as to invoke the pure comparative causation scheme of *Duncan.* Accordingly, we hold that Jannette's recovery is completely barred by the finding that sixty-five percent of the negligence causing her injuries was her own.

### 3. *Occupant's Duty to Trespassers*

■ Jannette contends that the issue of the defendants' duty should have been determined under ordinary negligence rules rather than the common-law categories of trespasser, licensee, and invitee traditionally applied in premise-liability cases. This contention is material to her claim against the defendants (other than Blackland) who were found not grossly negligent. In oral argument her counsel conceded that use of the common-law categories in premises-liability cases is well-settled in Texas. *See, e.g., State v. Tennison,* 509 S.W.2d 560 (Tex.1974); *Hastings v. DeLeon,* 532 S.W.2d 147 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.); *Buchholz v. Steitz,*

463 S.W.2d 451 (Tex.Civ.App.—Dallas 1971, writ ref'd n.r.e.). As an intermediate appellate court, we must follow the decisions of the Supreme Court of Texas. *Swilley v. McCain,* 374 S.W.2d 871, 875 (Tex.1964); *Hastings,* 532 S.W.2d at 148. Jannette's counsel also conceded that the decision whether to abolish the common-law distinction is one properly left to the supreme court. *Hastings,* 532 S.W.2d at 148; *Buchholz,* 463 S.W.2d at 454. Accordingly, we hold that the special issues submitted were not erroneous in this respect.

### 4. *Attractive Nuisance*

Jannette also contends that the trial court erred in refusing to submit issues regarding the attractive-nuisance doctrine. The trial court held that the attractive-nuisance doctrine was inapplicable to Jannette as a matter of law.

■ When a plaintiff asserts the attractive-nuisance doctrine, the court must determine whether the child is of such tender years and immaturity that protection of the doctrine, as against the particular condition or danger, should be extended to him. *Massie v. Copeland,* 149 Tex. 319, 233 S.W.2d 449, 454 (1950). This is a question of law for the court. *Id.; Vista Petroleum Co. v. Workman,* 598 S.W.2d 721, 723 (Tex. Civ.App.—Eastland 1980, no writ).

In *Massie,* the court held as a matter of law that a normal fourteen-year-old was capable of understanding and appreciating the dangers of drowning while swimming in a deep pit created by excavation and later filled with rain water. 233 S.W.2d at 452. The court also made it clear that a child fourteen or older could claim benefit of the attractive-nuisance doctrine only in extraordinary circumstances. *Id.,* 233 S.W.2d at 453.

■ In light of *Massie,* we hold that the trial court reasonably held as a matter of law that Jannette, a normal seventeen-year-old and an experienced swimmer and diver, could understand and appreciate the dangers of diving in a rain-filled quarry. Ac-

cordingly, she was not entitled to submission of attractive-nuisance issues.

### 5. *Definition of "Licensee"*

■ The trial court submitted to the jury the definition of licensee contained in the Pattern Jury Charges:

> "Licensee" means a person who is on the premises with the express or implied permission of the possessor.

3 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES § 60.08 (1982). Jannette complains that the trial court erred by failing to add to this definition the following:

> Status of "Licensee" is created when a trespass had been tolerated for such a sufficient period of time that the public believes it has permission of the possessor to use the property.

Use of the submitted definition of licensee has long been accepted in Texas. *See, e.g., Texas-Louisiana Power Co. v. Webster,* 127 Tex. 126, 91 S.W.2d 302, 306 (1936). Accepted definitions are generally sufficient. *Lemos v. Montez,* 680 S.W.2d 798, 801 (Tex.1984). In fact, the Texas Supreme Court has treated addenda to an otherwise correct definition as impermissible comments that tilt or nudge the jury one way or another. *Id.* at 801; *Acord v. General Motors Corp.,* 669 S.W.2d 111, 116 (Tex. 1984); *Gulf Coast State Bank v. Emenhiser,* 562 S.W.2d 449, 453 (Tex.1978). We hold that the definition of licensee submitted by the trial court was complete and correct and that the addendum requested by Jannette was properly refused.

### 6. *Definition and Issues Concerning "Dangerous Condition"*

Finally, Jannette complains that the trial court erred in submitting an incorrect definition of "dangerous condition" and in not submitting issues requested on the defendants' knowledge of the danger. The jury had no occasion to consider either the definition or the requested issues because both depended on a finding that Jannette was a licensee, and the jury found that she was a trespasser. Consequently, any error in these respects was harmless because it did not cause the rendition of an improper judgment. TEX.R.CIV.P. 434.

### 7. *Parents' Claim for Mental Anguish*

The parent plaintiffs contend that the trial court erred in failing to submit issues on their loss of companionship and mental anguish resulting from their daughter's injuries. We find no authority supporting this contention. In Texas only two situations exist in which one other than the victim of a tort may receive damages for loss of companionship or mental anguish. *See Bennight v. Western Auto Supply Co.,* 670 S.W.2d 373, 378 (Tex.App.—Austin 1984, writ ref'd n.r.e.). The first is in a death case brought under the Wrongful Death Act, TEX.REV.CIV.STAT.ANN. art. 4671 et seq. (Vernon Supp.1985). *See, e.g., Sanchez v. Schindler,* 651 S.W.2d 249, 251 (Tex.1983) (parents may recover for mental anguish and loss of companionship resulting from the death of a child). The second is in a bystander case in which the plaintiffs have witnessed a close relative's death or injury caused by the defendant's wrongful acts. *See, e.g., Apache Ready Mix Co., Inc. v. Creed,* 653 S.W.2d 79, 82 (Tex.App. —San Antonio 1983, no writ); *Landreth v. Reed,* 570 S.W.2d 486, 489 (Tex.Civ.App.— Texarkana 1978, no writ). The present case does not involve a wrongful death claim, and the parent plaintiffs have presented no evidence that they witnessed the accident which caused their daughter's injuries. Accordingly, we hold that the parents' claim was properly denied.

All of appellants' points are overruled. Because we affirm the trial court's judgment that plaintiffs take nothing, we do not reach Blackland's cross points concerning the jury finding on gross negligence.

Affirmed.