NO. 07-02-0449-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 10, 2003


 

______________________________




KATHY HOUSTON, APPELLANT



V.



NORTHWEST VILLAGE, LTD. AND MEDLOCK


SOUTHWEST MANAGEMENT CORPORATION, APPELLEES




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 88,105-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before JOHNSON, C.J. and REAVIS and CAMPBELL, JJ.

OPINION


 Appellant Kathy Houston appeals the summary judgment granted by the trial court
in favor of appellees Northwest Village, Ltd. and Medlock Southwest Management
Corporation. We will reverse the summary judgment and remand the case to the trial
court.


 Appellees are the owners of Northwest Village Apartments in Amarillo. Houston's
suit claims that she suffered personal injury when she slipped and fell on ice while
delivering the Amarillo newspaper to residents of the apartments. (1) The summary judgment
evidence shows that the apartments are contained in 10 buildings on the apartment
premises. At about 6:30 on the morning of February 1, 1999, Houston drove her car onto
the premises, then walked to deliver the papers to the doorways of individual apartments.
The apartments did not have a newspaper vending machine. Snow had been on the
ground for two days. On those two previous days, apartment maintenance personnel had
cleared the snow off the apartment sidewalks and treated them with pellets of a chemical
melting agent. They had not yet arrived for work at the time of Houston's injury, so the
sidewalks had received no attention that morning.

 Houston testified at her deposition that she normally did not walk on the sidewalks
as she delivered the papers but was attracted to them that morning because they were
cleared of snow. She noticed, though, that there was "shiny black ice" on the sidewalks.
She fell, fracturing her ankle. 

 Appellees' resident apartment manager testified on deposition that she had not yet
been outside her apartment at the time of Houston's fall, and was not aware of the
condition of the sidewalks. She also testified that she saw no ice on the sidewalks when
she went outside after being notified of the incident; that she gave instructions for the
melting agent to be applied to the sidewalks when maintenance personnel arrived; and
that maintenance personnel later reported to her that they had encountered some frozen
conditions on the premises. 

 Appellees filed a traditional motion for summary judgment, asserting that Houston
was on the premises as a licensee, and that her suit therefore could not succeed because
(1) appellees had no actual knowledge of the condition of the sidewalks at the time of
Houston's injury, while (2) Houston did have actual knowledge of their icy condition.
Houston's response argued that she was an invitee on the premises.

 Appellees, as movants, have the burden of showing that there are no genuine
issues of material fact and that they are entitled to judgment as a matter of law. Under the
well-established standards for review of a summary judgment, we take evidence favorable
to the non-movant as true, and we indulge every reasonable inference in favor of the non-movant. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).
Summary judgment for a defendant is proper if, as a matter of law, the plaintiff cannot
prevail on the claims. Butcher v. Scott, 906 S.W.2d 14, 15 (Tex. 1995). 

 As framed by the parties, the sole issue on appeal is that of Houston's status on the
premises as licensee or invitee. Appellees' motion for summary judgment was based on
the proposition that Houston's status depends entirely on her relationship with appellees.
The proposition is not correct. 

 Citing the test set forth in Cowart v. Meeks, 131 Tex. 36, 111 S.W.2d 1105 (1938),
and focusing only on Houston's relationship with appellees, appellees argue that
Houston's status on the premises was that of a licensee because she had no business or
other relationship inuring to the benefit of appellees from which the invitation required for
invitee status can be implied. Cowart, 131 Tex. at 40, 111 S.W.2d at 1107. Appellees
emphasize Houston's testimony that she had no agreement with the apartment
management concerning her delivery of papers, but had agreements only with individual
tenants, and argue that Houston's deliveries provided no economic benefit to appellees. 

 Even assuming, arguendo, that appellees conclusively established that Houston's
business of delivering newspapers to their tenants did not confer a sufficient benefit on
appellees to imply that she enjoyed an invitation from appellees to enter the premises, that
conclusion would not end our inquiry, because appellees' duty to Houston was not
determined solely by the nature of her relationship with appellees. 

 In Parker v. Highland Park, Inc., 565 S.W.2d 512 (Tex. 1978), the social guest of
an apartment tenant was injured when she fell on hallway stairs in the apartment building.
The stairway was dark because apartment employees had failed to adjust the automatic
lighting. The Texas Supreme Court held that, with respect to the condition of parts of the
premises over which a landlord retains control, the duty owed by the landlord to an invitee
of a tenant is determined under the standard stated in Sections 360 and 361 of the
Restatement (Second) of Torts. (2) Id. at 514-15. See also Johnson County Sheriff's Posse,
Inc. v. Endsley, 926 S.W.2d 284, 285 (Tex. 1996); Cadenhead v. Hatcher, 13. S.W.3d 861,
863 (Tex.App.--Ft. Worth 2000, no pet. h.). 

 Parker focuses not on the relationship between the landlord and the one entering
the premises, but on that person's relationship with the tenant. (3) Here, indulging every
reasonable inference in Houston's favor, there is at the least sufficient summary judgment
evidence to raise an issue of fact regarding Houston's status on the premises. (4) It is
undisputed that Houston was present on the Northwest Village Apartments premises at the
time of her fall for the purpose of carrying out her business arrangement with residents to
deliver newspapers to their apartments. (5) Her presence on the premises enabled residents
to receive the newspapers for which they had contracted, and thus was of sufficient direct
benefit to the resident-customers to imply those residents' invitation of her onto the
premises for that purpose. (6) Cowart, 131 Tex. at 40, 111 S.W.2d at 1107. 

 Too, the summary judgment evidence establishes that appellees owned and
managed the apartments. They exercised control over the maintenance of some areas of
the apartment complex, including the sidewalks, through their resident manager. 
Apartment maintenance personnel were responsible for clearing the sidewalks of snow,
and the apartment resident manager directed and supervised them in that task. 

 We turn, then, to the specific grounds asserted by appellees in their motion for
summary judgment. Appellees first pointed to the evidence, which Houston did not
dispute, that appellees had no actual knowledge of the icy condition of the sidewalks prior
to Houston's fall. Recall that the apartment maintenance personnel had not yet arrived for
work, and that the resident manager had not yet been outside her apartment, at the time
of Houston's fall. But a landlord's duties to the invitees of its tenants include the duty to
exercise reasonable care to discover unreasonably dangerous conditions on those parts
of the premises over which the landlord retains control. Cadenhead, 13 S.W.3d at 863;
see Motel 6 G.P., Inc. v. Lopez, 929 S.W.2d 1, 3 (Tex. 1996). Appellees' lack of actual
knowledge of the condition of the sidewalks, then, does not support summary judgment in
their favor.

 Secondly, and similarly, appellees' motion for summary judgment pointed to the
evidence that Houston had actual knowledge of the icy conditions as a bar to her recovery.
Houston testified that she saw "shiny black ice" on the sidewalks before her fall. She also
testified that the sidewalks had not been cleared of snow when she delivered papers the
two previous mornings at about the same time, leading to a conclusion that she was aware
the maintenance personnel would not yet have worked on the sidewalks at that time of
day. The point might be well taken if we agreed with appellees that, as a matter of law,
they owed Houston only the duties owed a licensee, see Wal-Mart Stores, Inc. v. Miller,
46 Tex. Sup. Ct. J. 530, 2003 Tex. LEXIS 31 (March 27, 2003) (per curiam), but because
we do not, her actual knowledge of the dangerous conditions does not necessarily prohibit
her recovery against appellees. State Dep't of Highways & Pub. Transp. v. Payne, 838
S.W.2d 235, 237 (Tex. 1992); Parker, 565 S.W.2d at 516. 

 Appellees thus having failed to establish their entitlement to judgment as a matter
of law, we reverse the summary judgment and remand the case to the trial court. 



 James T. Campbell

 Justice
1. In her petition, Houston alleged that appellees were negligent in failing to warn her
of the unsafe condition; failing to remove the ice causing her to slip and fall; and failing to
discover and remove the ice within a reasonable time.
2. Section 361 states:


A possessor of land who leases a part thereof and retains in his own control any other part
which is necessary to the safe use of the leased part, is subject to liability to his lessee and
others lawfully upon the land with the consent of the lessee or a sublessee for physical
harm caused by a dangerous condition upon that part of the land retained in the lessor's
control, if the lessor by the exercise of reasonable care (a) could have discovered the
condition and the risk involved, and (b) could have made the condition safe.
3. Note this statement from comment c to Section 360 of the Restatement, which is
quoted in full in Parker: "The privilege of the visitor is not based, as is that of the lessor's
own invitee or licensee, upon the consent given upon the occasion of the particular visit,
but upon the fact that he is entitled to enter by the right of the lessee, who is entitled under
his lease to use the part of the land within the control of the lessor not only for himself, but
also for the purpose of receiving any persons whom he chooses to admit." Parker, 565
S.W.2d at 515.
4. Although the Parker opinion says that the Court then limited its holding to invitees
of tenants, Sections 360 and 361 of the Restatement would impose liability to a broader
category of persons, including "others lawfully upon the land with the consent of the lessee
or a sublessee." See also Exxon Corp. v. Tidwell, 867 S.W.2d 19, 21 (Tex. 1993)
(discussion to effect that duties to tenant owed by landlord who retains control of portion
of premises are owed also to employee of tenant); Cadenhead, 13 S.W.3d at 863 (duty of
landlord to tenant with respect to condition of portion of premises still under landlord's
control owed also to "those who are on the premises with the tenant's consent"); Comment
c to Restatement Section 360 (quoted in Parker, 565 S.W.2d at 515) ("a lessor may be
liable to an invitee or even to a licensee of the lessee"). Because we find summary
judgment evidence sufficient to raise an issue that Houston was the invitee of appellees'
tenants who were her customers, we need not consider here the nature of the duty
appellees might owe to persons occupying a lesser status.
5. There is a factual dispute as to whether Houston delivered a paper to the resident
apartment manager. The manager's deposition was taken in October 2001; she testified
that she did not then take the newspaper. Houston testified, though, that the manager (at
her apartment, not the manager's office) was among her customers at the time of her
injury, and the summary judgment evidence contains a computer record of an Amarillo
newspaper subscription then in effect in the manager's name at that address. Although it
is not necessary to our decision, for purposes of review of a summary judgment, we
resolve the disputed issue of the resident manager's subscription to the newspaper in
Houston's favor. For purposes of this appeal, then, we consider that Houston's customers
at the time of her injury included appellees' manager.
6. The Restatement uses the term "business visitor," a person invited to enter the land
for a purpose directly or indirectly connected with business dealings with the possessor
of the land (or, in this case, with the possessor's tenants). See Restatement (Second) of
Torts § 332 (1965); Prestwood v. Taylor, 728 S.W.2d 455, 458-59 (Tex.App.-Austin 1987,
writ ref'd n.r.e.).