**Affirmed and Opinion Filed October 24, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01273-CV

## LAURA CONSTANTINO, Appellant
### V.
## DALLAS COUNTY HOSPITAL DISTRICT D/B/A PARKLAND HEALTH & HOSPITAL SYSTEM A/K/A PARKLAND MEMORIAL HOSPITAL, Appellee

On Appeal from the 162nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-12-02236-I

## MEMORANDUM OPINION
Before Justices Francis, Stoddart, and Schenck
Opinion by Justice Stoddart

Laura Constantino appeals an order granting a plea to the jurisdiction and dismissing the case following a remand to permit her an opportunity to amend her pleadings. *See Dallas Cty. Hosp. Dist. v. Constantino*, No. 05-13-01084-CV, 2014 WL 3870579, at *6 (Tex. App.—Dallas Aug. 7, 2014, no pet.) (*Constantino I*). Constantino raises two issues on appeal: (1) Parkland did not meet its burden to show the trial court lacked subject matter jurisdiction; and (2) her amended pleading and evidence state a claim for personal injuries caused by the condition of tangible personal property within the waiver provision of section 101.021(2), or at least raise a fact question regarding the jurisdictional issue. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (part of the Texas Tort Claims Act (TTCA)). As discussed below, we conclude

Parkland met its burden and Constantino's pleading and evidence of a condition of tangible personal property are merely a recasting of the premises defect claim previously dismissed by the trial court. We affirm.

## BACKGROUND

Constantino sued Parkland for personal injuries after a television set attached to the wall of a patient's room fell on her. Constantino was visiting her aunt in the hospital "when all of a sudden the television falls" from the wall. The television hit Constantino's shoulder and arm and injured her. Constantino alleged Parkland was negligent in furnishing personal property that was in an unsafe condition. She alleged Parkland's immunity from suit was waived because her injuries "were caused by a condition or use of tangible personal or real property." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). Alternatively, she alleged the condition of the property was a premises defect and immunity was waived under TTCA section 101.022. *See id.* § 101.022. Parkland filed a plea to the jurisdiction on both claims. *Constantino I*, 2014 WL 3870579, at *1. The trial court granted the plea as to Constantino's premises defect claim, but denied the plea as to her claim for a condition or use of tangible personal property under section 101.021(2). *Id.* at *2.

Parkland appealed, challenging the denial of its plea to the jurisdiction regarding the claim under section 101.021(2).[1] *Id.* We agreed with Parkland's argument that Constantino cannot merely recast a premises defect claim as a claim for a condition or use of tangible property to avoid the higher standards for premises defects. *Id.* at *4–5. We concluded the allegations that her injuries were caused by the condition or use of tangible property were a recasting of her premises-defect claim. *Id.* at *5. However, we also concluded her petition did

---

[1] Constantino did not appeal the dismissal of her premises defect claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (a person may appeal an interlocutory order granting or denying a plea to the jurisdiction by a governmental unit as defined TTCA section 101.001).

not demonstrate she could not cure the pleading defects and state a claim within the waiver of immunity under section 101.021(2). *Id.* at *6. Accordingly, we remanded to give Constantino an opportunity to amend her petition. *Id.*

Constantino amended her petition on remand and alleged only an injury caused by a condition of tangible personal property. She deleted the allegations that Parkland owed her a duty because of her status as an invitee or licensee on the premises and that Parkland breached a duty to warn her of a dangerous condition. However, she continued to allege that Parkland owned, operated, and controlled the premises where the incident occurred.

The essential facts remain as they were in the prior appeal. The bracket was attached to the television and the wall mount was attached to the wall with toggle bolts. The bracket and television were then attached to the wall mount with a single bolt held in place with a standard nut capable of coming unscrewed. This attachment system permits the television to be rotated by hand and easily removed for repair or replacement. The evidence indicates this particular television and bracket had been mounted on the wall for fifteen to twenty years. Parkland used the same mounting system in other rooms during that time period and had no reports of televisions falling from the wall.

Constantino alleged that the television bracket holding the television disconnected from the wall mount causing it to fall and hit her. The wall mount remained attached to the wall. She asserted that the normal use of rotating the television over time caused the nut to unscrew from the bolt attaching the bracket to the wall mount. She contended the television and bracket were defective because they did not include a set screw (or the set screw was improperly tightened), a lock washer, a lock nut, a longer bolt to accommodate the lock washer and lock nut, and a safety cable attached to the television bracket and wall mount. As a result, the television, bracket, bolt,

–3–

and standard nut were insufficient to eliminate the potential of the nut to unscrew from the bolt.[2] She acknowledged that a bolt and a standard nut were used, but alleged that without the missing items, the condition of the television and bracket was unsafe and defective. In addition, she alleged the television and bracket were tangible personal property and were not permanently attached to the wall.

Finally, Constantino invoked the integral-safety-component doctrine, alleging that the missing items were integral safety components and entirely missing from the personal property. She argued that immunity was waived because her injury was caused by a condition of tangible personal property under section 101.021(2). She did not allege waiver based on a "use" of tangible personal property under section 101.021(2) or based on a premises defect claim under section 101.022.

## STANDARD OF REVIEW

Governmental immunity from suit implicates the trial court's subject matter jurisdiction over lawsuits against the state and certain governmental units unless immunity has been expressly waived. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 91 (Tex. 2012); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Parkland, as a political subdivision, shares this immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B), (D).

We review the trial court's ruling on a plea to the jurisdiction de novo. *Miranda*, 133

---

[2] Similarly, Constantino alleged in her live pleading in the prior appeal that the television and bracket were defective for lacking these same items. *Constantino I*, 2014 WL 3870579, at *4 ("Specifically, she alleged that (1) the incident giving rise to her injuries occurred on premises owned, operated, and controlled by Parkland; (2) her injuries were caused by a condition of tangible property (the television and TV bracket); (3) Parkland furnished the television and TV bracket for use by patients and visitors; (4) the television and TV bracket were inadequate or defective and lacked the necessary components to render them free from this condition because they were furnished (a) using a non-locking nut instead of a lock nut, (b) without securing the bolt with a properly tightened set screw or a washer, (c) in a way such that when swiveled, the standard nut could back off the bolt, and (d) without a cable to prevent the television from falling; . . . .").

S.W.3d at 226.  When the parties submit evidence regarding the jurisdictional question, we consider the evidence under a summary judgment type standard.  *See id.* at 228.  Once the governmental unit supports its plea, the plaintiff is required to show a disputed fact exists regarding the jurisdictional issue.  *Id.*  If a fact question exists, the trial court cannot grant the plea because the fact issue is for the fact finder to resolve.  *Id.*  If the evidence does not raise a fact issue, the trial court rules on the plea as a matter of law.  *Id.*

The TTCA waives immunity, both from suit and liability, to the extent liability is created by the act.  TEX. CIV. PRAC. & REM. CODE ANN. § 101.025(a); *Miranda*, 133 S.W.3d at 224.  The TTCA waives immunity for "personal injury and death so caused by a condition or use of tangible personal or real property."  TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2).  If the claim arises from a premise defect, "the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property."  *Id.* § 101.022(a).[3]  "*Miranda* made clear that a claim for a condition or use of real property is a premises defect claim under the Tort Claims Act, and therefore the Tort Claims Act waives immunity for two distinct tort causes of action: one arising from tangible personal property and one arising from a premises defect." *Sampson v. Univ. of Tex. at Austin*, No. 14-0745, 2016 WL 3212996, at *3 (Tex. June 10, 2016) (citing *Miranda*, 133 S.W.3d at 230).

**ANALYSIS**

### A. Parkland's Burden

Constantino contends Parkland failed to meet its burden to show the trial court lacked

---

[3] The duty owed to a licensee on private property requires that "a landowner not injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not." *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992) (citing *State v. Tennison*, 509 S.W.2d 560, 562 (Tex. 1974)).  The owner's actual knowledge, rather than constructive knowledge, of the dangerous condition is required. *Tennison*, 509 S.W.2d at 62.  The licensee must show the owner actually knew of the dangerous condition at the time of the accident, not merely the possibility a dangerous condition could develop over time. *The Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 117 (Tex. 2010) (per curiam).

subject matter jurisdiction. It is undisputed that Parkland is a governmental unit protected by governmental immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B), (D); *Constantino I*, 2014 WL 3870579, at \*2. Immunity from suit implicates the trial court's subject matter jurisdiction over lawsuits against governmental units. *See Rusk State Hosp.*, 392 S.W.3d at 91. Thus, Parkland established its challenge to the trial court's subject matter jurisdiction. It then fell to Constantino to show an express waiver of immunity under the TTCA and raise a disputed issue of material fact as to the jurisdictional issue. *See Sampson*, 2016 WL 3212996, at \*2; *Miranda*, 133 S.W.3d at 221, 228. We overrule Constantino's first issue.

### B. Condition of Personal Property or Premises Defect

Constantino next argues that her amended pleading and the evidence show, or at least raise a fact issue, that her injuries were caused by a condition of tangible personal property within the waiver of immunity under section 101.021(2) of the TTCA. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). We focus on whether the allegations and evidence presented support that claim or whether they support only a claim for a premises defect.

The supreme court recently clarified the distinction between a premises defect claim and a claim based on a condition or use of tangible property. *Sampson*, 2016 WL 3212996, at \*4. Sampson was injured when he tripped on an improperly secured extension cord while walking to his office at the University of Texas campus. *Id.* at \*1. He sued the university alleging the extension cord "was not taped down or secured in any way," was strung across a pedestrian walkway, and his leg hit the cord about mid-shin causing him to trip and injure his shoulder. *Univ. of Tex. at Austin v. Sampson*, 488 S.W.3d 332, 335 (Tex. App.—Austin 2014), *aff'd*, No. 14-0745, 2016 WL 3212996 (Tex. June 10, 2016). He argued immunity was waived under section 101.021(2) of the TTCA for injuries caused by a condition or use of tangible property and, in the alternative, that the extension cord was a premises defect and UT had actual

knowledge of the dangerous condition. *Sampson*, 2016 WL 3212996, at *1.

The supreme court determined that a claim cannot be both a premises defect claim and a claim relating to a condition or use of tangible property. *Id.* at *3 (citing *Miranda*, 133 S.W.3d at 233). A plaintiff may not avoid the heightened standards for a waiver of immunity for premises defect claims by alleging her injury was caused by a condition or use of tangible personal property. *Id.* Courts must consider the nature of the claim and "whether it is properly categorized as based on a premises defect or a condition or use of tangible personal property; if the former, the claim must be analyzed according to the heightened requirements of section 101.022." *Id.* Thus we, like the court in *Sampson,* must decide "whether the alleged negligence here is based on a condition [] of tangible personal property, or a premises defect." *Id.* at *2. Whether a claim is based on a premises defect is a question of law. *Id.*

### 1. Personal Property may Create a Condition on the Premises

Constantino argues that the television and bracket, bolt, standard nut, and set screw, if any, were tangible personal property and were never permanently attached to the wall mount. She contends that items of personal property do not lose their character as personal property when they are used in connection with real property. Sampson made a similar argument in his case. *Sampson*, 2016 WL 3212996, at *3 ("Sampson contends that the extension cord he tripped on was clearly 'movable, portable and temporary in nature,' and therefore was tangible personal property under the Tort Claims Act").

We rejected this argument in the prior appeal: "But the removability or temporary nature of a piece of property on a premises does not convert a premises-defect claim into a viable negligence claim . . . ." *Constantino I*, 2014 WL 3870579, at *5. The issue is not whether some items of personal property were involved, but whether the personal property created a dangerous condition on real property. The supreme court explained in *Sampson*:

> [U]nder the Tort Claims Act, the dangerous condition upon which a premises defect claim is based may be created by an item of tangible personal property. The distinction lies in whether it is the actual use or condition of the tangible personal property itself that allegedly caused the injury, or whether it is a condition of real property—created by an item of tangible personal property—that allegedly caused the injury.

*Sampson*, 2016 WL 3212996, at \*4 (footnote omitted). The determination turns on whether the "'state of being' (condition) of the tangible personal property itself caused the injury, or whether the tangible personal property created the dangerous real-property condition, making it a premises defect." *Id.* Thus, whether an item is personal or real property does not resolve the issue. An item of tangible personal property may create a condition of the premises, resulting in a premises defect claim, not a claim for a condition of tangible personal property. *Id.*

### 2. Claim for Condition of Personal Property

Constantino next argues that her allegations and evidence state a claim for a condition of tangible personal property. Under the TTCA, "condition" is defined as "either an intentional or an inadvertent state of being." *Sampson*, 2016 WL 3212996, at \*4 (citations omitted). To state a claim for a condition of tangible personal property, there must be an allegation of "defective or inadequate property," and the defect must pose a hazard in the intended and ordinary use of the property. *Id.* (citing Dallas *Cty. v. Posey*, 290 S.W.3d 869, 872 (Tex. 2009) (per curiam) and *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 32 (Tex. 1983)).

Constantino contends the condition of the television and bracket was defective because they lacked certain items she asserts would better secure the bracket to the wall mount. The missing items were a set screw (or a properly tightened set screw), a lock washer, a lock nut instead of a standard nut, a longer bolt, and a safety cable. The condition was allegedly created by Parkland's employees and caused the nut to come unscrewed from the bolt, allowing the television and bracket to fall and injure her. She did not allege, however, that the bolt and standard nut actually used were defective in and of themselves.

–8–

In *Sampson*, the court concluded the claim was a premises defect claim, not a condition or use claim. *Id*. at *5. The extension cord was strung across a pedestrian walkway hours before the injury. "The dangerous condition was *the way the extension cord was positioned* over the concrete retaining wall, resulting in a gap between the ground and the cord." *Id*. (emphasis added). "Nor was the gap between the ground and the cord a condition of tangible personal property because it was not the defective state of the actual cord that resulted in the injury." *Id.* The court explained:

> The cord was not, for example, frayed with exposed wire that touched Sampson as he walked by, shocking him, which would have been an injury caused by the condition of the tangible property. Instead it was the *static placement of the extension cord on the real property*, the way it was hung over the concrete retaining wall resulting in a gap between it and the ground, that created the dangerous condition—a tripping hazard. The extension cord thus created a condition on the real property—a premises defect.

*Id.* (emphasis added).

Similarly, Constantino was injured as a result of the static placement of the television and bracket—attached to the wall of the room at some height above the floor—and their subsequent fall from that placement. This placement allegedly created the dangerous condition of the room, in this case a falling hazard. The "state of being" of the personal property itself did not cause the injury, rather "the tangible personal property created the dangerous real-property condition, making it a premises defect." *Id.* at *4. Just as the placement of the extension cord in *Sampson* created a dangerous condition on the premises, the placement of the television, bracket, bolt, and nut created an allegedly dangerous condition on the premises. *See id.*

### 3.    Integral-Safety-Component Doctrine

Constantino also relies on the integral-safety-component doctrine. That doctrine refers to a line of cases holding that when a plaintiff alleges property used by the state lacks an integral safety component, immunity is waived under section 101.021(2). *See Sampson*, 2016 WL

3212996, at *4 (citing *Robinson v. Cent. Tex. MHMR Ctr.*, 780 S.W.2d 169, 171 (Tex. 1989) and *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 300 (Tex. 1976)). Normally, mere non-use of personal property or merely providing access to it is insufficient to invoke the waiver of immunity under section 101.021(2). *See id.* at *4; *City of N. Richland Hills v. Friend*, 370 S.W.3d 369, 372 (Tex. 2012); *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 (Tex. 2004) ("A governmental unit does not 'use' personal property merely by allowing someone else to use it and nothing more."). The doctrine is an exception to these principles, and represents the "outer bounds of what we have defined as *use* of tangible personal property." *Sampson*, 2016 WL 3212996, at 4 (discussing *Texas A & M Univ. v. Bishop*, 156 S.W.3d 580, 584 (Tex. 2005)) (emphasis added). It applies only when an integral safety component in entirely lacking rather than merely inadequate. *Id.*

Like the improperly secured extension cord in *Sampson*, the alleged inadequacy or absence of safety components here created a condition on the premises—a hospital room with an improperly secured television attached to the wall. *See id.* at *4–5. Thus, even if the integral-safety-component doctrine applies to a claim for the condition of tangible personal property,[4] the claim here is not removed from the premises defect category. *See id.* at *3 (claim under TTCA cannot be both a premises defect and a claim for condition or use of tangible property).

Further, the bolt and standard nut, which Constantino admits were used, were safety components necessary to attach the television to the wall. Although Constantino argues they

---

[4] The doctrine, as Constantino acknowledges, originated in cases discussing whether non-use of personal property could fall within the "use" exception to governmental immunity. *See Robinson*, 780 S.W.2d at 171 (providing swimming attire without a life preserver to epileptic patient); *Lowe*, 540 S.W.2d at 300 (providing a football uniform without a knee brace to player with knee injury); *Overton Mem'l Hosp. v. McGuire*, 518 S.W.2d 528 (Tex. 1975) (per curiam) (providing a hospital bed without bed rails to patient recovering from surgery). Without citing authority, Constantino argues that the doctrine applies equally to a claim for a condition of tangible personal property. We need not decide whether this limited doctrine applies to a condition of tangible personal property case because, under these facts, the doctrine would not preclude this case from being a premises defect case and Constantino's allegations raise only that the safety components were inadequate rather than entirely lacking.

were inadequate, the record shows the television was held in place for fifteen to twenty years. Because the television and bracket contained these components, Constantino's allegations and evidence do not show that integral safety components were entirely lacking, as opposed to merely inadequate. *See Friend*, 370 S.W.3d at 372; *Bishop*, 156 S.W.3d at 584 ("we did not intend to allow both use and non-use (*i.e.*, failure to provide a *more effective* safety feature) to effect a waiver of immunity"). Therefore, her allegations and evidence do not raise a fact issue regarding waiver of immunity under section 101.021(2).

### 4.    Summary

Even with the additional allegations in her amended petition, the nature of Constantino's claim is that the television and bracket were inadequately secured to the wall of the room. This created a dangerous condition on the real property. What we said in our prior opinion remains true: While Constantino:

> asserts a claim for injuries caused by the condition or use of tangible property, specifically that the television and TV bracket were furnished in an inadequate or defective condition and that the use of certain components instead of other components caused her injuries, this is simply a recasting of her premises-defect claim as a negligent condition claim for which immunity has not been waived.

*Constantino I*, 2014 WL 3870579, at *5. "Creative pleading does not change the nature of a claim." *Sampson*, 2016 WL 3212996, at *3.

Therefore, Constantino's "negligence claim is properly characterized as based on a premises defect, even though the dangerous condition on the real property was created by tangible personal property." *Id.* at *5. Constantino's amended pleading fails to state a claim within the waiver of immunity under section 101.021(2). We overrule Constantino's second issue.

### CONCLUSION

We conclude Parkland met its burden to challenge the trial court's subject matter

–11–

jurisdiction based on governmental immunity from suit. We further conclude that Constantino's negligence claim is properly characterized as a premises defect claim and does not fall within the limited waiver of governmental immunity under the TTCA. We affirm the trial court's order.


/Craig Stoddart/
CRAIG STODDART
JUSTICE

151273F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

LAURA CONSTANTINO, Appellant

No. 05-15-01273-CV     V.

DALLAS COUNTY HOSPITAL
DISTRICT D/B/A PARKLAND HEALTH
& HOSPITAL SYSTEM A/K/A
PARKLAND MEMORIAL HOSPITAL,
Appellee

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-02236-I.
Opinion delivered by Justice Stoddart.
Justices Francis and Schenck participating.

In accordance with this Court's opinion of this date, the trial court's October 2, 2015 order granting defendant's plea to the jurisdiction is **AFFIRMED**.

It is **ORDERED** that appellee DALLAS COUNTY HOSPITAL DISTRICT D/B/A PARKLAND HEALTH & HOSPITAL SYSTEM A/K/A PARKLAND MEMORIAL HOSPITAL recover its costs of this appeal from appellant LAURA CONSTANTINO.

Judgment entered this 24th day of October, 2016.