**REVERSED AND RENDERED; Opinion Filed March 1, 2021**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00636-CV**

**CITY OF DALLAS, Appellant**
**V.**
**SERENA MARIE DE GARCIA, Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-05374**

## MEMORANDUM OPINION
Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Carlyle

The City of Dallas appeals the trial court's order denying its plea to the jurisdiction. We reverse and render judgment dismissing Serena Marie de Garcia's claims against the City. Because the legal issues are settled, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Ms. de Garcia suffered injuries when she tripped over a piece of metal pipe protruding from a sidewalk she alleges is owned or controlled by the City. She sued the City for premises liability, and later amended her petition to include the Texas Department of Transportation (TxDOT) as a defendant. The City filed a plea to the jurisdiction contending it is immune from suit both because it is not responsible for

maintaining the sidewalk and because it was unaware of the sidewalk's defective condition at the time of Ms. de Garcia's injury. In support of its plea, the City provided evidence of a contract it has with TxDOT which, according to the City, shows TxDOT is responsible for maintaining the sidewalk. TxDOT filed a response denying responsibility under the contract and is not a party to this appeal.

At the hearing on the plea, the trial court expressed its belief that, because there was a factual dispute as to who, between the City and TxDOT, was responsible for maintaining the sidewalk, there was also a factual dispute as to who would have received notice of the hazardous condition. After the hearing, the court entered an order denying the City's plea without specifying any reasons for doing so, which it was empowered to do. The City contends the trial court erred by denying the plea because the evidence established the City lacked actual knowledge of the sidewalk's hazardous condition regardless of who was responsible for maintaining the sidewalk.

We review the trial court's ruling de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). Ms. de Garcia brought claims under the Texas Tort Claims Act (TTCA), which waives immunity for personal injuries caused by the condition of real property if a governmental unit would, were it a private person, be liable under

Texas law. *City of Dallas v. Davenport*, 418 S.W.3d 844, 847 (Tex. App.—Dallas 2013, no pet.) (citing TEX. CIV. PRAC. & REM. CODE § 101.021(2)).

For purposes of this appeal, the City does not dispute that it owed Ms. de Garcia a duty as the party responsible for the sidewalk. And Ms. de Garcia concedes both that she did not pay to access the sidewalk and that the protruding pipe was not a "special defect" under the TTCA. *See* TEX. CIV. PRAC. & REM. CODE § 101.022(a), (b); *see also City of Dallas v. Freeman*, No. 05-18-00961-CV, 2019 WL 3214152, at *3–5 (Tex. App.—Dallas July 17, 2019, no pet.) (mem. op.) (explaining the difference between ordinary and special defects, concluding that a three-inch difference in elevation between a sidewalk and an abutting curb was not a special defect under the TTCA). The City therefore owed Ms. de Garcia "only the duty that a private person owes to a licensee on private property." *Id.* § 101.022(a). That duty requires an owner to "use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not." *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 391 (Tex. 2016) (quoting *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)).

Ms. de Garcia does not allege the City's conduct was willful, wanton, or grossly negligent. Thus, to maintain her claims under the TTCA, she must prove the City actually knew about the sidewalk's dangerous condition at the time of her injury. *Id.* "Actual knowledge, rather than constructive knowledge of the dangerous condition is required," and "[h]ypothetical knowledge will not suffice." *Id.* at

392 (quoting *State v. Tennison*, 509 S.W.2d 560, 562 (Tex. 1974)). Accordingly, if the evidence establishes that the City lacked actual knowledge of the sidewalk hazard, then immunity is not waived, and the City's plea must be granted. *Id.* at 391–92.

Because the City's challenge is based on evidence purporting to negate the basis for the trial court's jurisdiction, the City's burden is similar to that of a movant for summary judgment. *Id.* (citing *Miranda*, 133 S.W.3d at 227–28). The City has the initial burden of presenting evidence sufficient to negate jurisdiction. If it meets that burden, the burden shifts to Ms. de Garcia to demonstrate a factual dispute on the jurisdictional issue. *Id.* at 391–92. In determining whether either party satisfied its burden, we take as true all evidence favorable to Ms. de Garcia, drawing every reasonable inference and resolving all doubts in her favor. *Id.* "Although there is no one test for determining actual knowledge that a condition presents an unreasonable risk of harm, courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition." *Id.* at 392 (quoting *Univ. of Tex.–Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008) (per curiam)).

With respect to whether the City was aware of the sidewalk's defective condition, the City provided an affidavit from Sheila Gray, a records custodian for its 311 Customer Service Center. She explained that the 311 Customer Service Center maintains records concerning reports of any allegedly hazardous conditions

within the City. Based on a diligent search of those records, Ms. Gray testified the City did not receive any reports of a dangerous condition on the sidewalk in the two years before Ms. de Garcia's injury.

Binding precedent in this court—where we have held that evidence similar to the City's, testimony stating that a governmental unit did not receive reports of a hazardous condition in the two years before the injury—requires us to conclude the City's evidence is sufficient to demonstrate a lack of actual knowledge. *See City of Dallas v. Kennedy*, No. 05-19-01299-CV, 2020 WL 3286515, at *3 (Tex. App.—Dallas June 18, 2020, no pet.) (mem. op.); *Freeman*, 2019 WL 3214152, at *5–6. Thus, the City having met its initial burden, the burden shifted to Ms. de Garcia to demonstrate a fact issue as to whether the City had actual knowledge. *See Sampson*, 500 S.W.3d at 391–92.

Ms. de Garcia points to no direct evidence of the City's knowledge. As she argued below, Ms. de Garcia argues the City must have been aware of the dangerous condition because it appeared the protruding pipe was part of a sign that had been removed from the sidewalk. She extrapolates that, because the City allegedly owned the sidewalk, it must have been responsible for removing the sign. And because the City removed the sign, she argues, it must have known it left a piece of pipe protruding.

Although circumstantial evidence can be used to establish actual knowledge, evidence that merely raises a suspicion that the governmental unit had actual

knowledge is insufficient. *See id.* at 394. There is no record evidence suggesting the City, rather than a third party, removed whatever sign was once located on the sidewalk. And we cannot reasonably infer the City removed the sign based solely on the fact that it owned or controlled the property. Thus, we cannot infer the City had actual knowledge of the condition created by the sign's removal. *See id.*

Because Ms. de Garcia failed to point to any evidence suggesting the City had actual knowledge of the sidewalk's dangerous condition at the time of her injury, the City's evidence was sufficient to negate jurisdiction under the TTCA. *See Kennedy*, 2020 WL 3286515, at *3; *Freeman*, 2019 WL 3214152, at *5–6. We reverse the trial court's order denying the City's plea and render judgment dismissing Ms. de Garcia's claims for lack of jurisdiction.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

200636F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

CITY OF DALLAS, Appellant

No. 05-20-00636-CV      V.

SERENA MARIE DE GARCIA,
Appellee

On Appeal from the 191st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-05374.
Opinion delivered by Justice Carlyle.
Justices Myers and Osborne
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that:

Serena Marie de Garcia's claims against the City of Dallas are dismissed for lack of jurisdiction.

It is **ORDERED** that appellant City of Dallas recover its costs of this appeal from appellee Serena Mareie de Garcia.

Judgment entered this 1st day of March, 2021.