

# NUMBER 13-23-00280-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CITY OF SAN ANTONIO,                                                                 Appellant,

v.

FRAN MAGRI,                                                                                  Appellee.

## ON APPEAL FROM THE 225TH DISTRICT COURT
## OF BEXAR COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Longoria, Silva, and Peña**
**Memorandum Opinion by Justice Silva**

Appellant the City of San Antonio, Texas (the City) challenges the trial court's

denial of its plea to the jurisdiction seeking to dismiss appellee Fran Magri's premises

liability suit.[1] Magri filed suit against the City after she slipped at the public library while walking over a grate. By a single issue, the City argues that Magri failed to establish a waiver of the City's immunity pursuant to the Texas Torts Claims Act (TTCA) because the evidence negated the City's actual knowledge of any dangerous condition. *See* TEX. GOV'T CODE ANN. § 311.034; TEX. CIV. PRAC. & REM. CODE ANN. § 101.025. We reverse and render.

## I.     BACKGROUND

On January 27, 2021, Magri sued the City alleging that her fall was caused by a slippery condition, "possibly by condensation or chemicals used to clean [the floor], but definitely because of the failure to have it cleaned to prevent it from remaining slippery." The City filed a timely answer and thereafter a plea to the jurisdiction asserting its immunity from suit under the TTCA because the City was without actual knowledge of the dangerous condition that allegedly caused Magri's injuries. The City argued that Magri had not pleaded any facts supporting an allegation that the City knew about the "dangerous condition of the floor, if any." The City attached the following exhibits to its plea: Magri's original petition; an affidavit by a City employee who swore there was no record of a single slip and fall incident in the two years preceding Magri's fall; and Magri's deposition transcript, wherein Magri stated she did not recall whether it had been raining

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

and did not see anything that would have indicated the existence of a slippery or wet condition.

Magri filed a response and attached several exhibits, including: a written sworn declaration, wherein she stated it had been "a wet, rainy day"; two different weather reports which listed the following weather conditions on the morning of Magri's fall: "cloudy," "light drizzle," "drizzle and fog" and indicated there had been "0.0" inches of precipitation; and the deposition transcript of library branch manager Timothy Francis Johnson Jr., wherein Johnson stated he was unaware of any wet or slippery condition, there was no rain on the day in question, and if there had been wet conditions present, library staff would have put out warning signage and cleaned up any excess liquid.

The trial court denied the City's plea to the jurisdiction, and this interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Subject matter jurisdiction is essential to a court's authority to decide a case. *Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, 593 S.W.3d 324, 331 (Tex. 2020) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000)). Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 682 (Tex. 2020) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

Sovereign immunity protects the State and its agencies from lawsuits for money damages and deprives a trial court of subject matter jurisdiction over a plaintiff's claims. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 & n.2 (Tex. 2008).

3

Governmental immunity offers the same protections for political subdivisions of the State, including municipalities. *Id.*; *see City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022); *Tex. Dep't of Fam. & Protective Servs. v. Parra*, 503 S.W.3d 646, 660 (Tex. App.—El Paso 2016, pet. denied). To prevail on an assertion of governmental immunity, the governmental defendant "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When a plea to the jurisdiction challenges jurisdictional facts, our review mirrors that of a traditional summary judgment motion. *Maspero*, 640 S.W.3d at 528 (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012)). To that end, "all the evidence is reviewed in the light most favorable to the plaintiff to determine whether a genuine issue of material fact exists." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019); *see Maspero*, 640 S.W.3d at 528–29 ("[W]e take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor."). "A genuine issue exists if 'the evidence is such that a reasonable jury could find that fact in favor of the non-moving party.'" *Smith v. Mosbacker*, 94 S.W.3d 292, 294 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) (quoting *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied)). "Material facts are those facts which 'affect the outcome of the suit under the governing law.'" *Id.* (quoting *Moore*, 981 S.W.2d at 269). If "the pleadings and evidence generate a 'fact question on jurisdiction,' dismissal on a plea to the jurisdiction is improper," and the fact issue will be resolved at trial by the factfinder. *Maspero*, 640 S.W.3d at 529 (citing *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010)

4

(per curiam)). "However, 'if the evidence is undisputed or fails to raise a fact question,' the plea must be granted." *Id.* (quoting *Hayes*, 327 S.W.3d at 116).

Magri's suit is brought under the TTCA, which provides, in relevant part, a limited waiver of immunity for claims arising from a condition or use of real property "if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021(2), 101.025; *see generally Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 386 (Tex. 2016) (treating slip and fall claims as premises defect claims). Where, as here, the claimant did not pay for the use of any premises, "the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property." TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a). Absent evidence of willful, wanton, or grossly negligent conduct by the governmental unit, to establish a breach of duty in this circumstance, a claimant must prove five elements: (1) the premises condition created an unreasonable risk of harm to the claimant; (2) the governmental unit actually knew of the condition; (3) the claimant did not actually know of the condition; (4) the governmental unit failed to exercise ordinary care to protect the claimant from the danger; and (5) the governmental unit's failure proximately caused the claimant's injuries. *Sampson*, 500 S.W.3d at 391; *see also City of Laredo v. Torres*, No. 04-22-00453-CV, 2023 WL 6453823, at *5 (Tex. App.—San Antonio Oct. 4, 2023, no pet.) (mem. op.).

"Actual knowledge, rather than constructive knowledge of the dangerous condition is required." *Sampson*, 500 S.W.3d at 392 (quoting *State v. Tennison*, 509 S.W.2d 560, 562 (Tex. 1974)). "Hypothetical knowledge will not suffice." *Id.* In determining whether a

5

governmental unit has actual knowledge of a dangerous condition, "courts generally consider whether the [governmental unit] has received reports of prior injuries or reports of the potential danger presented by the condition." *Id.* (quoting *Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008) (per curiam)).

### III.    DISCUSSION

It is undisputed that the City is a governmental unit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. Additionally, the pleadings and evidence show that Magri did not pay to use or access the area where she was injured. *See id.* § 101.022(a). Thus, Magri was required to establish a genuine issue of material fact as to the City's requisite knowledge of the dangerous condition. *See Sampson*, 500 S.W.3d at 392.

At the outset we note that there is no evidence that the City created the slippery condition or that it received prior reports of a slippery condition immediately prior to Magri's fall. *See id.* Moreover, in the two years prior to Magri's fall, there was not a single slip and fall incident reported at the public library. *See Aguilar*, 251 S.W.3d at 513; *see also Univ. of Tex. MD Anderson Cancer Ctr. v. Simpson*, No. 01-20-00679-CV, 2021 WL 3083104, at *6 (Tex. App.—Houston [1st Dist.] July 22, 2021, no pet.) (mem. op.) (collecting cases where courts concluded there was no evidence of actual knowledge absent reports of prior slip and fall incidents).

Magri, however, relies on weather reports which indicated it had been "lightly drizzl[ing]" outside and her affidavit stating that it had been raining. These documents are not evidence of the City's actual knowledge of a dangerous condition. *See generally City of Houston v. Gilbert*, 656 S.W.3d 603, 615–16 (Tex. App.—Houston [14th Dist.] 2022,

6

pet. denied) ("The fact that materials deteriorate over time and may become dangerous does not itself create a dangerous condition, and the actual knowledge required for liability is of the dangerous condition at the time of the accident, not merely of the possibility that a dangerous condition can develop over time.") (cleaned up); *see also City of San Antonio v. Anderson*, No. 04-20-00320-CV, 2021 WL 883472, at *1 (Tex. App.—San Antonio Mar. 10, 2021, no pet.) (mem. op.) (reversing trial court's denial of the City's plea to the jurisdiction where claimant stated "it was moisture out there" but otherwise failed to present evidence regarding the City's awareness of a wet ground prior to his slip and fall). In fact, Magri acknowledged she had not seen anything which would have indicated a hazardous condition and stepped over the same grate without any incident just minutes prior to her fall. *See Gilbert*, 656 S.W.3d at 615; *see also City of McAllen v. Quintanilla*, No. 13-18-00062-CV, 2019 WL 3023325, at *4–5 (Tex. App.—Corpus Christi–Edinburg July 11, 2019, no pet.) (mem. op.) (concluding that there was no evidence the city had actual knowledge of the allegedly hazardous condition where the claimant had previously walked past the same area without incident); *Ransom v. Univ. of Tex. at El Paso*, No. 08-22-00063-CV, 2023 WL 3471702, at *4 (Tex. App.—El Paso May 15, 2023, pet. denied) (mem. op.) (concluding the same where claimant admitted the condition was not conspicuous and the governmental unit was unaware how long the condition had been present). Moreover, Johnson's deposition was unequivocal: Johnson had not observed any condition which would have warranted caution signage or a cleanup.

We conclude that Magri has failed to raise a genuine issue of material fact as to the City's requisite knowledge of the dangerous condition. *See Sampson*, 500 S.W.3d at 384. Absent any evidence that the City had actual knowledge of the dangerous condition, Magri cannot establish that the City breached its duty, which is necessary to invoke the TTCA's waiver of immunity. *See id.*; *see also Quintanilla*, 2019 WL 3023325, at *5. We affirm the City's sole issue.

## IV.   CONCLUSION

We reverse the trial court's order denying the City's plea to the jurisdiction and render judgment dismissing Magri's suit for want of subject matter jurisdiction.

CLARISSA SILVA
Justice

Delivered and filed on the
23rd day of May, 2024.

8